480 So.2d 483 (1985)
STATE of Louisiana
v.
Aaron L. HARPER.
No. 85-KA-452.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
*484 John H. Craft, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., James Maxwell, Asst. Dist. Atty., Dorothy Pendergast, Asst. Dist. Attys., Gretna, for appellee.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
CHEHARDY, Judge.
Aaron L. Harper appeals his conviction of attempted simple burglary, LSA-R.S. 14:27 and 14:62. He was sentenced to three years' imprisonment at hard labor, with credit for time served. His only assignment of error is any errors patent on the face of the record.

FACTS
Eugene Kirk testified that on December 31, 1984 he was in the office of Sea Bee LASH Fleet, located behind the levee in Westwego, Louisiana, when he observed through a window two men trying to break into a pickup truck owned by Robert Bychurch. He identified the defendant as one of the subjects. Kirk testified the defendant was attempting to pry open the vent window on the driver's side of the truck. When the subjects realized they had been spotted, they ran into the woods.
Terry Jones, a dispatcher for Cooper/T.Smith Stevedoring, testified he saw the two run into the woods so he walked down the levee to block their escape route. He saw them stop running momentarily and bend down as if to remove something from their socks.
After the two suspects were taken into custody, Jones assisted the deputies in searching the wooded area. Near the spot at which Jones had seen the subjects stoop down, they found a screwdriver and a pair of vise grips. Jones identified State's Exhibits 2 and 3 as the tools found in the woods.
James Ancalade, an employee of a towing company working for the Sea Bee Fleet, testified he instructed the office personnel *485 to telephone the police; he then assisted Jones in keeping the subjects in sight until the police arrived.
The defendant was arrested and charged with attempted simple burglary. The record does not disclose whether charges were also filed against his juvenile companion, who testified against him at trial.
The juvenile co-perpetrator testified that as he and Harper were going fishing, they saw the truck and decided to steal the battery. He said Harper attempted to pry open the vent window with a screwdriver and identified State's Exhibit 2 as the screwdriver defendant used. He identified State's Exhibit 3 as the vise grips he himself was carrying.
Robert Bychurch testified that he had dropped his truck off on December 30, 1984, when leaving to pilot a tugboat upriver. His wife was to retrieve the truck that evening but failed to do so. When he returned the following day, he discovered that his truck was still in the lot and that the frame on the vent window was bent, as if someone had tried to pry it open.
The defendant testified he did not attempt to break into the truck but merely passed it on his way to the fishing hole. However, his testimony was contradicted by all witnesses to the incident, including the co-perpetrator. Likewise, the defendant's testimony that the screwdriver was recovered from his pocket by the police was contradicted by Jones' testimony that the screwdriver was found in the woods.

ASSIGNMENT OF ERROR
There were no arguable assignments of error made during the course of the trial. On appeal defendant urges this Court to review the record for any errors patent upon its face and, upon discovering any, to reverse his conviction and sentence.
LSA-C.Cr.P. Art. 920 limits matters to be reviewed on a criminal appeal to errors designated in the assignment of errors and errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For purposes of a patent-error review, the record in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
We have reviewed this record for each of the applicable items listed above and we find no errors patent on its face.
In addition to the above items, however, our Supreme Court has ruled that in all criminal cases on appeal, the sufficiency of the evidence should also be reviewed. State v. Raymo, 419 So.2d 858 (La.1982). The standard we must use is whether the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted. State v. Camp, 446 So.2d 1207 (La.1984).
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438. When the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt. State v. Camp, supra.
Aaron Harper was convicted of attempted simple burglary, violations of R.S. 14:27 and 14:62. R.S. 14:27 provides, in pertinent part:
"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, *486 he would have actually accomplished his purpose.
* * * * * *
"C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
R.S. 14:62 defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein * * *."
Thus, to convict the defendant of attempted simple burglary the State was required to prove he attempted to enter Bychurch's truck without authorization and with the intent to commit a felony or theft therein. The State had to show that the defendant had the specific criminal intent to commit a felony or theft at the moment of the unauthorized entry. State v. Ricks, 428 So.2d 794 (La.1983).
For the purpose of the burglary statute, "specific criminal intent" exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his acts. LSA-R.S. 14:10(1); State v. Dardar, 353 So.2d 713 (La.1977). Although intent is a question of fact that must be established, due to its subjective nature intent need not be proven as a fact but may be inferred from the circumstances of the transaction. LSA-R.S. 15:445; State v. Dickerson, 353 So.2d 262 (La.1977).
The State's evidence that the defendant attempted an unauthorized entry into Bychurch's truck, detailed above, was substantial. Circumstantial evidence can be used to show an unauthorized entry occurred. State v. Torres, 470 So.2d 319 (La.App. 5 Cir.1985). Similarly, circumstantial evidence may be used to prove an attempted unauthorized entry.
Although Bychurch did not state explicitly that Harper was not authorized to enter the truck, the circumstances of the attempted entry  the means of entry (a screwdriver), the defendant's flight upon discovery, Bychurch's testimony that someone had "broke into" his truck, and the juvenile's testimony that he did not know who owned the truck from which he and the defendant attempted to steal the battery  established beyond a reasonable doubt that the defendant's attempt to enter the vehicle was unauthorized.
The evidence also established that Harper had the specific intent to commit a theft upon entry into the truck. The juvenile testified that he and Harper intended to steal the battery. The defendant was prying open the vent window in an apparent attempt to reach the hood-release mechanism inside the truck. The juvenile was carrying a pair of vise grips, obviously for use in removing the battery cables. Both subjects fled upon discovery.
In concluding that defendant was guilty as charged, the trial judge obviously rejected defendant's version of events. The function of the reviewing court is not to reassess the credibility determinations of the trier of fact, but only to determine if the evidence offered was sufficient to support the conviction. State v. Richardson, 425 So.2d 1228 (La.1983). The evidence in the instant case, when considered in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant attempted an unauthorized entry into the victim's truck with the intent to commit a theft therein.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.