CHEHARDY, Judge.
Earl Jackson appeals his convictions of aggravated rape (LSA-R.S. 14:42) and aggravated crime against nature (LSA-R.S. 14:89.1). He was sentenced to life impris *482 onment at hard labor without benefit of probation, parole or suspension of sentence for the aggravated rape conviction, with credit for time served, and to 30 years at hard labor without benefit of parole, probation or suspension of sentence for the aggravated crime against nature conviction. The judge directed that the sentences be served consecutively. Defendant’s only assignment of error is to urge this court to examine the record for patent error.
FACTS
The victim, Jackson’s stepdaughter, testified that defendant engaged in frequent oral, vaginal and anal sexual intercourse with her over a seven-year period, beginning when she was seven years old. She testified further that, to force her compliance and silence, defendant beat her frequently with such items as a shotgun, a pistol, a broom, an extension cord, a stick and a telephone, and held an icepick to her throat. On August 24,1983, when she was 14 years old, the victim ran away from home and sought refuge with a friend, who put her in touch with a Jefferson Parish Sheriff’s Office detective.
The victim’s testimony was corroborated by the defendant’s confession, made on August 25, 1983 after defendant had voluntarily committed himself to the psychiatric ward at Charity Hospital in New Orleans, where he was interviewed by a J.P.S.O. detective after waiving his Miranda rights.
The victim’s mother, to whom defendant was married, admitted she had once caught defendant and her daughter engaging in oral copulation and that when her daughter was IIV2 years old the child told her about the sexual and physical abuse by defendant. The mother had taken no action.
The defendant presented an insanity defense. (In his confession he stated repeatedly, “The Devil made me do it.”) He offered the testimony of three psychiatrists.
Dr. Genevieve Arneson testified she had reviewed the defendant’s medical records and had interviewed him in March 1984 in connection with a pretrial hearing to determine his competency to stand trial. She stated she found no diagnosis of psychotic disorder or antisocial personality disorder in his records. She was unable to give an opinion as to defendant’s mental state at the time the offenses occurred.
Dr. David Shraberg testified he had interviewed defendant several times in connection with an earlier sanity hearing in October 1983. Dr. Shraberg stated he had thought then that defendant might be psychotic but he did not have a definitive opinion as to defendant’s mental state at the time of the offenses. Dr. Shraberg thought it possible defendant was malingering for legal reasons, remarking that if defendant was insane at the time of the offenses it would be highly unlikely this impairment would not have caught someone’s attention. In Dr. Shraberg’s opinion, the defendant’s continued successful self-employment during the period in which the crimes occurred indicated defendant knew right from wrong.
Dr. Richard Richoux testified he had interviewed defendant in connection with each of the sanity hearings but had formed no opinion as to defendant’s mental state at the time of the offenses.
In extensive oral reasons for judgment the trial judge found defendant guilty of both offenses charged, stating the evidence was “clear and convincing” of all elements of the crimes, that the corroboration of the confession was made without duress and at a time when defendant understood what was going on, and that the psychiatric evidence did not fulfill defendant’s burden of proving insanity by a preponderance of the evidence. The judge stated he was “absolutely convinced * * * beyond any reasonable doubt” and it was “clear and certain” in his mind that defendant was guilty as charged.
ASSIGNMENT OF ERROR
No specific assignment of error having been made, we are urged to review the record for patent error. LSA-C.Cr.P. art. 920 states that no matters shall be con *483 sidered on appeal except errors designated in the assignment of errors and errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In all cases on appeal, however, the sufficiency of the evidence is considered part of an error patent review. State v. Raymo, 419 So.2d 858 (La.1982). In reviewing the sufficiency of the evidence, we must determine that the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted. State v. Camp, 446 So.2d 1207 (La.1984).
The evidence in the case, summarized above, establishes irrefutably all the applicable elements of aggravated rape and aggravated crime against nature. Both the trial judge’s remarks in rendering the verdict and our own review establish positively that the evidence is sufficient to convince any rational juror that defendant is guilty beyond a reasonable doubt.
In State v. Oliveaux, 312 So.2d 337 (La.1975), the Supreme Court listed the following items from the record as appropriate for a patent-error review: the caption, the statement of time and place of court, the indictment or information and its endorsement, the arraignment, the plea of the accused, the mentioning of the impaneling of the jury, the verdict, the judgment, the bill of particulars filed in connection with a short form indictment or information and, in capital cases, the minute entry indicating that the jury had been sequestered.
We find no error in the convictions on either count or in the life sentence imposed for the aggravated rape conviction. The only reversible patent error is in the sentence imposed for the aggravated crime against nature conviction. The trial judge erroneously imposed a sentence of 30 years at hard labor without benefit of parole, probation or suspension of sentence. R.S. 14:89.1, however, sets the maximum penalty for this crime at 15 years at hard labor without benefit of parole, probation or suspension of sentence.
Where only the defendant has appealed, we are required to recognize and correct a patent error unfavorable to the defendant. State v. Jackson, 452 So.2d 682 (La.1984). Accordingly, we vacate the illegal 30-year sentence on the aggravated crime against nature conviction and remand the matter to the district court for resentencing on that conviction.
DECREE
For the foregoing reasons the conviction of defendant for violation of R.S. 14:42, aggravated rape, and the life sentence imposed thereunder are affirmed. The conviction of defendant for violation of R.S. 14:89.1, aggravated crime against nature, is affirmed. The sentence imposed for the conviction of aggravated crime against nature is vacated and the matter is hereby remanded for resentencing in accordance with law.
AFFIRMED IN PART, VACATED IN PART AND RENDERED.