496 So.2d 1204 (1986)
STATE of Louisiana
v.
Wardell McINTYRE.
No. 86-KA-173.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*1205 John H. Craft, Gretna, for appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for appellee.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from the jury conviction of defendant, Wardell McIntyre, of two counts of simple burglary. (L.S.A.-R.S. 14:62). Prior to sentencing the state filed a multiple offender bill charging McIntyre under the provisions of L.S.A.-R.S. 15:529.1. He was thereafter sentenced to eight years in the custody of the *1206 Department of Corrections. McIntyre's sole assignment of error urges this court to review the record for errors patent. We affirm the conviction but vacate the sentence for errors patent in the sentencing proceedings.
The facts reveal that early in the morning of February 11, 1985, Faith Prejean, while attempting to fall asleep, was startled by a loud noise. She looked outside her apartment window to discover the source of the sound. Glancing into the parking area of the apartment complex she noticed the door of her pickup truck standing open and observed a man sitting in the front seat "fooling with the dash."
Mrs. Prejean awakened her sleeping husband and told him what she had observed. He looked outside, saw the figure in the truck, and told her to call the police. While she placed the call, Floyd Prejean monitored the activities of the person in the truck. He saw the figure lean over in the front seat and heard a noise "like they were tearing the dashboard out of the truck." He then instructed his wife to call the police again. Both Prejeans spoke to the police dispatcher, during which time the person exited the truck unobserved. When the couple returned to their respective vantage points, they observed the interior lights of Floyd Prejean's automobile momentarily flash. Seconds later, Detective James Broadwater entered the parking lot with his headlights off and began shining a spotlight back and forth across the area. As the light swept across the automobile, Broadwater saw a figure emerge from the car and run from the scene. Broadwater then notified headquarters and other units in the vicinity that a pursuit was in progress, exited his vehicle, and gave chase to the perpetrator.
Broadwater and the backup policemen chased the figure throughout the neighborhood. At one point Broadwater lost sight of the subject; however, two members of the backup unit located him under a house. When the officers approached the subject, he fled again. As the three officers were canvassing the area, Broadwater heard a noise from the porch of a nearby house and saw a person crouched behind a bicycle frame on the front porch of the residence. Following a brief scuffle, the subject was arrested and returned to the apartment complex parking lot where he was identified by Mr. Prejean as the man he had observed previously. The subject was later identified as the defendant, Wardell McIntyre. Subsequently, it was discovered that a stereo unit and stereo booster were removed from Mr. Prejean's truck by the perpetrator but were dropped by him during the chase and that the knobs to the stereo unit in Mr. Prejean's car, along with the bolts holding the unit to the dashboard, had been removed.
The defendant denied involvement in the offense. He related that he had driven a friend home from a local lounge and was on the front porch of the residence he shared with his parents awaiting a response to his knock on the door when he was arrested. The friend testified that he and McIntyre spent the evening at a local bar and that McIntyre drove him home at approximately the time the burglaries occurred.
L.S.A.-C.Cr.P. Art. 920 provides "[t]he following matters and no others shall be considered on appeal; (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975). State v. Jackson, 480 So.2d 481 (La.App. 5th Cir.1985). State v. Harper, 480 So.2d 483 (La.App. 5th Cir.1985). In addition, the question of *1207 the sufficiency of the evidence is considered part of the patent error review. State v. Camp, 446 So.2d 1207 (La.1984); State v. Harper, supra.
We have reviewed the record and testimony in this case and find two errors contained in the habitual offender proceeding. In this regard L.S.A.-R.S. 15:529.1(D) states in pertinent part:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation ... or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section.... [Emphasis supplied]
Although the statute provides only that the defendant be apprised only of his right to a hearing, before the defendant chooses to acknowledge or confess to a previous felony in open court, he must first be cautioned as to his rights, including his statutory right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983).
The minutes and transcript reflect that a hearing was held pursuant to the multiple offender bill in which McIntyre acknowledged that he was the same party named in the multiple offender bill. The trial judge then advised him that he was entitled to a formal hearing wherein the state must prove its case under the multiple offender statute. McIntyre waived his right to the hearing. The record reflects however, that McIntyre was not informed of his right to remain silent. Under State v. Johnson, supra, this failure constitutes reversible error and the case must be remanded. Since the principles of double jeopardy do not apply to a retrial of the penalty enhancement statute, McIntyre may be retried on the question of the prior felony conviction. State v. Johnson, supra; State v. Hill, 340 So.2d 309 (La.1976).
The second patent error we find in our review of the record involves the sentence which was imposed. Only one count of a multi-count indictment/information can be used to enhance the penalty pursuant to L.S.A.-R.S. 15:529.1 when the convictions were entered on the same day. See State v. Sherer, 411 So.2d 1050 (La. 1982); State v. Singleton, 444 So.2d 343 (La.App. 1st Cir.1983).
In this case the defendant was convicted of two counts of simple burglary on the same date. Neither the habitual offender bill nor the transcript reflects which conviction/count was being considered for an enhanced penalty. Although it appears that the trial judge imposed the enhanced sentence based on McIntyre's conviction on one count and not both counts, we cannot state that assumption with certainty. In addition, even if the trial judge only considered a single count to enhance the penalty, the sentence is defective because McIntyre has not been sentenced on the other count of the conviction. See State v. Chapman, 367 So.2d 808 (La.1979) and State v. Lambert, 475 So.2d 791 (La.App. 3rd Cir. 1985). Thus, the appeal is premature as to the conviction on the count not yet finalized. L.S.A.-C.Cr.P. Art. 912.
We recognize that the Louisiana Supreme Court has mandated that the appellate *1208 courts decline to recognize illegal sentences which are beneficial to a defendant when only the defendant appeals. State v. Fraser, 484 So.2d 122 (La.1986). However, the failure to sentence a defendant is distinguishable from the patent errors intended by this principle of law. Without a sentence to appeal from, the propriety of a defendant's conviction would remain undeterminable by a reviewing court since the case would not reach a final status. Thus, the case must be remanded for the additional reason that the trial judge must sentence McIntyre on the count not used to enhance the penalty.
Finally, we have discovered one other error in our review of the case which we need not address in light of our findings herein and because the error is harmless.[1] We have discovered no other errors mandating a modification or reversal of McIntyre's conviction.
Therefore, we hereby affirm the defendant's conviction of the two counts of simple burglary, reverse and vacate the sentence imposed by the trial judge, and remand the case to the trial court for re-sentencing in accordance with law, and with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The verdict sheet submitted to the jury did not differentiate between the counts and provided space for but a single verdict. However, since the jury found two separate verdicts, the error is harmless despite the technical deficiency of the verdict sheet. See L.S.A.C.Cr.P. Art. 819.