514 So.2d 599 (1987)
STATE of Louisiana
v.
Harold KINGSMILL and John St. Cyr.
No. KA-6819.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*600 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, LOBRANO and CADE, JJ.
LOBRANO, Judge.
Defendants, Harold Kingsmill and John St. Cyr, were charged by bill of information with possession of cocaine with intent to distribute, a violation of La. R.S. 40:967.
On June 30, 1986 following their requested judge trial, the trial judge found them guilty of possession of cocaine. On August 22, 1986 the court sentenced each defendant to serve two (2) years at hard labor in the custody of the Department of Corrections, suspended, with two (2) years active probation. As a special condition of probation the defendants' were ordered to pay two hundred dollars ($200.00) to the Criminal Courts Operational Fund, to enter a drug rehabilitation program and to each pay ten ($10.00) dollars per month to the Department of Corrections while on probation. In addition each defendant was ordered to pay court costs of eighty-seven dollars and fifty cents ($87.50) or in default thereof to serve thirty (30) days in Parish Prison.
FACTS:
On April 23, 1986, at approximately 9:30 p.m., New Orleans police Officers Colette *601 Soccente and Steven Hartman were traveling in the 7300 block of Stroelitz Street when a vehicle traveling in the other direction crossed the center line causing the officers to swerve to avoid a collision. The officers followed the vehicle and pulled it over in the 3600 block of Broadway Street. Four persons were riding in the vehicle: John Gueho, Donald Warning, Harold Kingsmill and John St. Cyr.[1]
Officer Saccente observed St. Cyr exit the front passenger side of the vehicle and drop a marijuana cigarette onto the ground. Officer Saccente then observed a large plastic bag containing green vegetable matter on the front floorboard near the passenger seat. At that point, all four men were arrested for possession of marijuana. Following the arrests, the interior of the vehicle was thoroughly searched. An open cardboard box marked "Ohaus" was removed from the middle of the rear seat, between the spaces occupied by Gueho and Kingsmill. Inside the box was found an Ohaus triple-beam scale of the sort favored by drug dealers, a razor, rolling papers, numerous bag ties, plastic bag covers and a large plastic bag which contained two smaller bags of a white powder later identified as cocaine. All four men were then arrested for possession of cocaine.
Defendants appeal their convictions and sentences asserting the following assignments of error:
1) The state failed to present sufficient evidence to sustain the defendants' convictions beyond a reasonable doubtspecifically, the state failed to prove beyond a reasonable doubt that either defendant was in possession of the cocaine.
2) The trial court erred by imposing jail time in default of the defendants' payment of court costs.
ASSIGNMENT OF ERROR 1:
The standard of review to be used by an appellate court is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
To support a conviction for possession of a controlled dangerous substance in violation of La. R.S. 40:967, the state must prove that the defendant was (1) in possession of the illegal drug and (2) that he knowingly possessed the drug. The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den., 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (La. 1971); or in joint possession of a drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control the drug. Guilty knowledge is the essential element. State v. Trahan, supra, citing State v. Smith, supra. See also, State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir. 1986). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La. 1975).
The fact finder may draw reasonable inferences based on the evidence presented *602 at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La. R.S. 15:446.
Several factors to be considered in determining whether a defendant exercised "dominion and control" over the narcotics to constitute constructive possession are as follows:
"... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users." State v. Tasker, 448 So.2d 1311, 1314 (La.App. 1st Cir.1984), citing Bujol v. Caine, 713 F.2d 112 (U.S.C.A. 5th Cir.1984).
In the instant case, the cocaine was found in a cardboard box in the center of the rear seat. Arresting Officer Hartman and state rebuttal witness, Officer Thorn, both testified that Warning stated to them that all four men pooled their money to purchase the marijuana and cocaine. At defendants' trial, Warning denied making these statements. St. Cyr was observed dropping a marijuana cigarette, and a large plastic bag of marijuana was found on the front floorboard where he was seated. The cardboard box containing the cocaine and other drug paraphernalia was located on the rear seat next to where defendant Kingsmill was seated. These facts coupled with significant inconsistencies in the testimony of Gueho, Warning and Kingsmill was sufficient for the trial judge to infer that, although defendants were not found in actual physical possession of the cocaine, they exerted "dominion and control" over the drug and as such were in constructive possession of the cocaine.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendants contend that the trial court erred by imposing additional jail time in default of payment of the eighty-seven dollars and fifty cents ($87.50) in court costs. We agree.
The minute entry of August 29, 1986 shows that defendant Kingsmill made all required payments. Thus, this assignment of error is moot as to him and will be addressed only as to defendant St. Cyr.
This court has held unconstitutional that portion of an indigent defendant's sentence imposing payment of a fine or court costs in default of which he must serve additional jail time. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir. 1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986). St. Cyr was found to be indigent and is represented by the Orleans Indigent Defender Office.
For the foregoing reasons, defendants' convictions are affirmed. Defendant St. Cyr's sentence is amended to delete jail time in default of payment of court costs. In all other respects, defendants' sentences are affirmed.
CONVICTIONS AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.
NOTES
[1] Donald Warning and John Gueho pled guilty to a reduced charge of simple possession of cocaine.