BYRNES, Judge.
Defendant, Lloyd Simmons, was convicted of attempted possession of cocaine with intent to distribute, a violation of R.S. 40:979 (967). The state then filed a multiple bill of information. Simmons was adjudged a second offender and sentenced to five years at hard labor. He now appeals his conviction and sentence , as a multiple offender.
FACTS
On June 22, 1986, NOPD Officer Bardy established a surveillance at the intersection of Erato and Saratoga streets in New Orleans based on information received from an informant. There he saw the defendant take money from a man and walk over to a pick up truck where he retrieved a matchbox from the tire well. Simmons then removed a small object from the matchbox and delivered the object to the man who had given him money. Police officers arrived at the scene, detained Simmons and discovered that the matchbox contained cocaine.
Subsequently, Simmons was tried by a jury and convicted of attempted possession of cocaine with intent to distribute. At the multiple offender proceedings, Simmons apparently admitted that he was the same person named in the multiple bill before being advised of the rights set forth in R.S. 15:529.1.
ERRORS PATENT
We have reviewed the record for errors patent and have found none.
ASSIGNMENTS OF ERROR
By his sole assignment of error, Simmons, contends that the trial court erred in *363 not advising him of his rights at the multiple bill hearing before he admitted he was the same person convicted in the underlying offense. We agree.
The habitual offender law requires that the trial court inform the defendant of the allegations contained in the multiple bill of information and inform him of his “right to be tried as to the truth thereof according to law”. R.S. 15:529.1(D). If at the time of the multiple bill hearing the defendant wishes to admit that he was convicted of the predicate offense, he must be duly cautioned as to his rights before making such an admission. State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988). Should a defendant admit that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in R.S. 15:529.1(D), the defendant’s conviction and sentence as a multiple offender must be vacated. Id.
Because the record establishes that the trial court did not inform Simmons of these rights prior to his admission that he was the same person charged in the multiple bill, we must vacate defendant’s conviction and sentence as a multiple offender. Simmons’ original conviction is affirmed and the case remanded to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCED VACATED, REMANDED FOR RESENTENCING.