558 So.2d 1379 (1990)
STATE of Louisiana
v.
Leon DAVIS.
No. 89-KA-673.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
*1380 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant/appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Leon Davis, was charged by bill of information on September 28, *1381 1988 with possession of cocaine in violation of LSA-R.S. 40:967. He was arraigned on November 17, 1988 and pled not guilty. Trial began with jury selection on May 22, 1989. Out of the presence of the jury a defense motion to suppress the evidence was heard and denied. Trial resumed and was completed on May 23, 1989 with a finding by the jury that defendant was guilty as charged. Defendant waived all legal delays and was sentenced to serve twenty months in the Jefferson Parish Correctional Center with credit for time served. The defendant filed a motion for appeal which reflects two filing dates. Since one date, May 25, 1989, is timely, we will address the appeal as filed and reject the state's argument that the appeal is untimely. In his appeal of the conviction and sentence, defendant assigns three errors for our review.
FACTS
On August 17, 1988, Detective Anthony Brown of the Gretna Police Department received a telephone call from an anonymous informant who told the detective that two black men were selling drugs in the parking lot of the Tip-Top Grocery Store on Fifth Street in Gretna. Detective Brown, accompanied by Sergeant Anthony Christiana, proceeded to the Tip-Top Grocery Store in an unmarked vehicle. When the officers arrived they saw two black men, later identified as the defendant, Leon Davis, and Stanley Mc Kinnley, standing in the parking lot. Shortly afterward, Detective Brown observed a dark blue Oldsmobile Cutlass pull into the lot. The defendant walked up to the car and gave a small, unidentified object to the passenger who examined it and passed it to the driver. The driver also examined the object and briefly placed it to his nose. The driver then gave the passenger some currency which was in turn passed on to the defendant. The defendant gave the money to Mc Kinnley and the Oldsmobile drove away.
Detective Brown approached both the defendant and Mc Kinnley and ordered them to put their hands on the car. A pat down search produced a clear plastic bag containing a white powdery substance, later found to be cocaine, on each of the suspects.
By his first assignment of error the defendant argues that the evidence presented at trial was insufficient to support the conviction. Defendant does not indicate which element of the crime lacks proof.
Upon review the appellate court must abide by the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which mandates that the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. To support a conviction for possession of cocaine in violation of LSA-R.S. 40:967 the state must prove that the defendant was knowingly in possession of the drug. State v. Kingsmill, 514 So.2d 599 (La.App. 4th Cir. 1987). In the instant case, police officers found a small bag containing cocaine on defendant's person after he was arrested. Under these circumstances a rational juror could have found the defendant guilty of possession of cocaine beyond a reasonable doubt. This assignment of error is without merit.
The defendant requests a review for errors patent on the face of the record. Such a review reveals some confusion in the sentencing transcript over whether the defendant was sentenced to serve twenty years or twenty months. However, a careful reading of the transcript makes it obvious that the trial judge simply misspoke in sentencing the defendant to twenty years. The actual sentence is twenty months as reflected by the minute entry and the commitment.
By his final assignment in a supplemental brief defendant asserts that the trial court erred in denying the motion to suppress the evidence. Defendant argues that the police officers did not have reasonable cause to stop and search the defendant.
*1382 Testimony contained in the record shows that Detective Brown witnessed the defendant pass a small object to the occupants of a car and receive money from those occupants. Detective Brown testified that such an activity fits the "normal profile for a drug transaction." These circumstances were used to corroborate an anonymous tip that two black men were selling drugs at that location. As soon as the transaction was completed, the officers drove their car into the lot, got out and ordered the defendant and his companion to put their hands on the car. We believe these circumstances indicate that an arrest, rather than an investigatory stop occurred.
LSA-C.Cr.P. art. 201 provides:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Raheem, 464 So.2d 293 (La.1985).
Because we find an arrest preceeded the search, the state must show probable cause to arrest in order to justify the search. Probable cause to arrest without a warrant exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Raheem, supra at 296. Probable cause must be judged by the probabilities and practical considerations of every day life on which average men, and particularly average police officers, can be expected to act. State v. Tomasetti, 381 So.2d 420 (La.1980); State v. Raheem, supra. The probable cause sufficient to justify an arrest, however, requires less evidence than would be required to support a conviction. State v. Bradley, 504 So.2d 1144 (La.App. 5th Cir. 1987). Information provided by an informant comprises probable cause for arrest where other sources corroborate the information, reducing the chances of a reckless or prevaricating tale and providing a substantial basis for crediting the hearsay. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Rosales, 537 So.2d 850 (La.App. 5th Cir.1989).
Defendant's reliance on State v. Cuevas, 526 So.2d 1346 (La.App. 5th Cir. 1988) is misplaced. In that case the officers saw only hand movements in and out of the car. They saw nothing being exchanged between the suspects. However, in the instant case Officer Brown clearly saw a small object exchanged for money. We believe that the totality of facts and circumstances contained herein are sufficient to justify belief that defendant had just completed a drug transaction thereby giving probable cause to arrest. Once a lawful arrest has been made, a warrantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any weapons from the defendant and to prevent evidence from being destroyed. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Wiley, 507 So.2d 841 (La.App. 5th Cir.1987). Since we find the arrest to be valid, the search which produced the cocaine is a search incident to a lawful arrest. Consequently, the motion to suppress was properly denied. This assignment is without merit.
The defendant's conviction is affirmed and the sentence is amended to reflect 20 months (in lieu of 20 years), and as amended, affirmed.
AMENDED, AND AFFIRMED AS AMENDED.