LOBRANO, Judge.
Defendant, Kermit Hamilton, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Defendant pled not guilty on September 9, 1989. On October 19, 1989, defendant was found guilty of simple robbery by a twelve member jury. On November 10, 1989, defendant was sentenced, as a multiple offender, to serve four (4) years at hard labor and was ordered to pay court costs of $159.00 or serve an additional thirty days in jail.
FACTS:
During the early morning hours of August 13, 1989, Sam Pollen drove into the French Quarter to visit a friend. As he was parking his car, defendant approached and asked for a ride to the Garden District area of the City. Pollen agreed. Enroute, defendant made several sexual advances towards Pollen which Pollen rebuffed. As Pollen pulled to the side of the street, defendant pulled a knife and began jabbing Pollen. Defendant took Pollen’s ring, watch and two dollars from his wallet. When defendant attempted to grab Pollen’s gold neck chains, Pollen fought back, grabbed defendant’s fingers and bent them backwards. Defendant dropped the knife and fled from the car. Pollen gave chase. Defendant ran into the Magnolia Housing *102 Project. Pollen then called the police. He described defendant to the police and consented to accompany them to the police station. Enroute, Pollen spotted defendant on the street and alerted the police. When defendant saw the police car he ran towards the Magnolia Housing Project. After a several minute chase by the police, defendant was apprehended after he was found hiding under a pickup truck. A search of defendant revealed two one-dollar bills and Pollen’s ring. Pollen’s watch was found under the truck where defendant had been hiding. Pollen positively identified defendant as his assailant and the items in defendant’s possession that were taken from him.
Defendant appeals his sentence asserting the trial court erred in requiring him to serve an additional thirty (30) days in jail for failure to pay court costs. We agree.
This court has long held unconstitutional that portion of an indigent defendant’s sentence imposing payment of a fine or court costs in default of which he must serve additional jail time. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Kingsmill, 514 So.2d 599 (La.App. 4th Cir. 1987); State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990). Here, defendant was represented at trial and on appeal by the Orleans Parish Indigent Defender’s office.
For the foregoing reasons, defendant’s conviction is affirmed. His sentence is amended to- delete the additional jail time imposed in default of payment of the fine and court costs. In all other respects, defendant’s sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.