612 So.2d 280 (1992)
STATE of Louisiana
v.
Leon HARRIS.
No. 92-KA-609.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1992.
*281 John M. Mamoulides, Howat Peters, Dorothy A. Pendergast, Dist. Attorney's Office, Gretna, for plaintiff/appellee, State of LA.
Bruce G. Whittaker, Indigent Defender, Bd., Gretna, for defendant/appellant, Leon Harris.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Defendant, Leon Harris, appeals his conviction for a violation of LSA-R.S. 40:967(C), possession of a controlled dangerous substance. We affirm the conviction but remand for resentencing as follows:

FACTS
On December 18, 1991, at approximately 2:00 p.m. Detective Edward Calecas and Sergeant Tim Miller were on patrol in the South Causeway area responding to complaints about narcotics trafficking in that district. As they approached the corner of North Arnoult and Burns Street, the officers observed one black male standing near the corner of the intersection toward the front end of an abandoned car and another black male, the defendant, sitting on the back of the vehicle. Officer Calecas turned left onto Burns Street and pulled up behind the abandoned car. The officers observed the defendant as he moved his left hand from his lap to his left side, opened his hand, and then moved his hand back into his lap.
The officers then stepped out of their unmarked police car and approached the two men. Detective Calecas approached the defendant and Sergeant Miller stopped the other man for questioning. Detective Calecas also noticed a white female standing in front of the car, and he instructed her to walk to the driver's side of the vehicle which was the opposite side from where the defendant was seated. Sergeant Miller then questioned the other man and the woman.
After searching the defendant for weapons, Detective Calecas searched the ground near the rear of the vehicle on the side on which defendant had been seated. The *282 search lasted only one or two minutes at which time Officer Calecas discovered an off white rock resting on the top of the short, newly cut grass. A preliminary field test of the substance determined that it was cocaine, and the defendant was arrested. The other black man and the white woman were released after questioning.
The substance was tested again at the Jefferson Parish crime laboratory by Rose Tate, a forensic chemist. Ms. Tate testified that the substance was, in fact, cocaine.

ASSIGNMENT OF ERROR
Defendant urges that the evidence at trial was insufficient to support his conviction. He avers that the area where the rock was found "is notorious for narcotics trafficking" and that there was no evidence linking him to the cocaine save for its physical proximity to him. He points out that neither officer saw a definite object fall from his hand and that both officers admitted in court that it was "possible" that the rock was present before he arrived on the scene.

ANALYSIS
The Constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990).
When circumstantial evidence is used to prove the commission of an offense, LSA-R.S. 15:438 provides: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Porretto, 468 So.2d 1142 (La.1985). LSA-R.S. 15:438 may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, but it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable, doubt. State v. Porretto, supra.
In this case, the defendant was charged with possession of cocaine, and the jury returned a guilty verdict. LSA-R.S. 40:967 C defines possession of cocaine as follows:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.
To support a conviction for possession of cocaine in violation of R.S. 40:967 C the State must prove that the defendant was knowingly in possession of the drug. State v. Davis, 558 So.2d 1379 (La.App. 5 Cir.1990); State v. Kingsmill, 514 So.2d 599 (La.App. 4 Cir.1987).
Determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. State v. Trahan, 425 So.2d 1222 (La.1983).
In the present case, this Court is convinced that there was sufficient evidence to convict the defendant of the crime of possession. Here the officers observed the defendant moving his hand in a manner indicating that he was dropping something, and both officers demonstrated the motion for the jury. Unlike the defendant, the others were not near the side of the vehicle in the area where the rock was found, and *283 Officer Calecas stated that the rock was lying up on top of the short grass, and had not fallen through. There were no other substances on the grass other than the rock. Considering all of the evidence before the jury, both direct and circumstantial, including the credibility of the witnesses, we find that the jury could have found beyond a reasonable doubt that the defendant did, in fact, drop the rock of cocaine when he moved his hand, and therefore was guilty of possession.
This assignment of error is without merit.

PATENT ERROR DISCUSSION
We have examined the record for patent error in accordance with State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals an error in the habitual offender proceeding conducted prior to the imposition of sentence. In the present case the defendant and the prosecuting attorney stipulated to the fact that the defendant had been convicted twice previously, once for distribution of cocaine and once for simple burglary.
In State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La. 1983), appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1 D, supra, stating as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.2 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
See also State v. Martin, 427 So.2d 1182 (La.1983), State v. McIntyre, 496 So.2d 1204 (La.App. 5 Cir.1986), State v. Firmin, 522 So.2d 1181 (La.App. 4 Cir.1988), writ denied, 532 So.2d 759 (La.1988), State v. Griffin, 525 So.2d 705 (La.App. 1 Cir.1988), and State v. Simmons, 526 So.2d 362 (La. App. 4 Cir.1988).
The record before us does not contain any showing that the defendant was advised of his right to a formal hearing and his right to have the State prove its case under the multiple offender statute; nor does it show that the defendant was informed of his right to remain silent. Under the previously cited jurisprudence, this is reversible error. However, the defendant may be tried again on the multiple bill since double jeopardy does not attach in these types of hearings. State v. McIntyre, supra; State v. Johnson, supra.
Accordingly, the conviction of the defendant for violation of LSA-R.S. 40:967(C), possession of cocaine, is affirmed. However, the sentence as a multiple offender is vacated and the case is remanded to the trial court for resentencing in a proceeding consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.