| MURRAY, Judge.
Rogers L. Comeaux, Jr. was convicted after a bench trial of simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. He was subsequently adjudicated a fourth-felony habitual offender and was sentenced to twenty years’ imprisonment at hard labor, with credit for time served. Mr. Comeaux now appeals his conviction as well as the multiple offender adjudication. We affirm for the reasons that follow.
FACTS:
At about 10:00 p.m. on July 24, 1998, Kurt Werling and his wife, residents of a small French Quarter apartment complex, drove up to the rear gate as they returned from dinner. Mr. Werling noticed that his bicycle, which had been in the common hallway on the third floor, was inside of the gate. Because the gates were locked, Mr. Werling believed that whoever brought his bicycle downstairs would still be on the property. The police responded immediately to his call on his cell phone. As Mr. Werling was speaking with the officers, they saw Mr. Comeaux step out of an apartment door in the back building *323 that once was the servants’ quarters. Mr. Comeaux threw the white sack he was carrying onto the top of the Crear wall, then began climbing over it. However, the policemen were able to grab him before he got over the top, and Mr. Comeaux was placed under arrest.
An examination of the premises revealed that the door Mr. Comeaux came through had been forced open, and the apartment had been ransacked. The resident, Dr. Howard Russell, was called to the scene and identified the property found in the sack, as well as a stereo and other items found in the courtyard, as his. Although the police took photographs of the apartment and the items of property that had been moved, there was no attempt to obtain fingerprints at the scene.
Mr. Comeaux testified that he was walking past the apartment complex when he noticed that the gate was open and a bicycle was nearby. He decided to “retrieve” the bike to obtain money for drugs. However, a car pulled up just as he entered the gate, so he ducked behind the wall, expecting the people to park and walk away. Instead, the man in the car got on his cell phone, and a police car arrived moments later. Mr. Comeaux knew he was not authorized to be inside the courtyard, so he ran for the back fence when he saw the two officers.
Mr. Comeaux admitted he had three, “maybe four,” prior convictions for burglary, and acknowledged he had trespassed with the intent to remove property that did not belong to him. However, he emphatically denied entering any of the buildings and/or apartments, and did not recall seeing any white sack, stereo, or other personal items anywhere in the courtyard.
DISCUSSION:
In his first assignment of error, Mr. Comeaux argues that there is insufficient evidence to support a determination that he knowingly and intelligently waived his right to trial by a jury. The following colloquy transpired before commencement of trial:
la THE COURT: Case number 402-252, State of Louisiana versus Rogers Co-meaux. Alright, for the record, we are in chambers and counsel for the State, counsel for Mr. Comeaux along with Mr. Comeaux, the panel of prospective jurors are [sic] outside in the courtroom, outside of the hearing of what transpires back here in chambers. After the jury panel was brought into the courtroom, the defense counsel asked to approach the bench and informed the Court that Mr. Comeaux wishes to exercise his right to waive his right to a trial by jury in this case, and be tried by the judge. Mr. Comeaux, is that correct?
MR. COMEAUX: Yes, sir.
THE COURT: Okay, for the record, I have to ask you some questions. You understand this is strictly your decision to make, it’s not your lawyer’s, it’s not the Court’s, it’s not the D.A.’s, it’s strictly up to you to decide whether or not you want to be tried by a jury or by a judge; do you understand that?
MR. COMEAUX: Yes, sir.
THE COURT: But this is something you have discussed with your attorney, is that correct?
MR. COMEA UX: Yes, sir.
THE COURT: And after discussions with your attorney, even though your attorney may have advised you against this, you’re still deciding you want to exercise your right and be tried by the Judge, is that correct?
MR. COMEAUX: Yes, sir.
THE COURT: You understand that I have not made any commitments one way or the other, all I’ve told your attorney is that I will fairly listen to the evidence and make a fair decision in this case; do you understand that?
MR. COMEAUX: Yes, sir.
*324 THE COURT: Just for the record, I have to ask you, how far did you go in school?
MR. COMEAUX: The 12th grade.
THE COURT: Okay, and have you ever been treated for mental diseases or defects or anything like that?
MR. COMEAUX: Well, I don’t know if you consider treatment — I was in a psychiatric ward before I was arrested.
THE COURT: But for now, you have just been in the general population?
MR. COMEAUX: I mean the psychiatric ward in Charity Hospital.
\aTHE COURT: Okay, but you feel you understand now what is going on and that you can make an intelligent decision on what to do; is that correct?
MR. COMEAUX: Well, I feel I really can’t say honestly, I’m just trying to do what I feel would help my situation.
THE COURT: Alright, the Court, since he has gone through the 12th grade, he obviously can converse with the Court and does believe he has made an intelligent and knowing right to his waiver of a trial by jury and will conduct with a judge trial. We’ll go outside now, and the Court is going to dismiss the jury panel and get started up with the trial.
DEFENSE COUNSEL: Your honor, for the record, Wayne Fontenelle, the attorney for Mr. Comeaux. I advised him to go with a jury trial and my advice remains. However, I suggested a jury trial and that remains my position and I certainly will adhere to Mr. Comeaux’s desire.
THE COURT: Okay, that will be part of the record.
Following this colloquy, trial proceeded before the judge.
“A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.” La.Code Crim. Proc. art. 780. The jurisprudence under this provision was summarized in State v. Wolfe, 98-0345 (La.App. 4th Cir.4/21/99), 738 So.2d 1093, writ denied, 99-1460 (La.12/10/99), 756 So.2d 281, cert. denied, — U.S.-, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000):
The waiver of the right to a jury trial cannot be presumed. State v. McCarroll, 337 So.2d 475 (La.1976). The waiver must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused. State v. Smith, 447 So.2d 4, 5 (La.App. 3d Cir.1984). The Supreme Court has recognized that the preferred practice would be for the trial judge to personally inform the accused of his right and to require the accused to waive that right in writing or orally in open court on the record. State v. Wilson, 437 So.2d 272 (La.1983).
98-0345 at p. 6, 738 So.2d at 1097.
Mr. Comeaux now claims that because he had been in a psychiatric ward before his arrest, and responded that he “really can’t say honestly” whether he | Ecould “make an intelligent decision on what to do,” the trial court erred in relying solely upon his educational background to find a valid waiver of his right to a jury trial. We disagree.
The record in this case clearly establishes that Mr. Comeaux was personally informed that he could be tried by a jury or by the judge, and that he articulated his desire to waive the jury. Furthermore, because his prior 1992 conviction resulted from a jury verdict, he was aware of that process and its attendant benefits and risks. Most importantly, there is no indication that Mr. Comeaux was not mentally competent at the time of trial in July 1999, one year after his arrest. He not only responded appropriately to the court’s questioning prior to acceptance of his waiver, but later took the stand, exhibiting *325 no signs of confusion or lack of comprehension. Accordingly, notwithstanding any psychiatric hospitalization more than a year earlier, Mr. Comeaux’s election to be tried by the judge rather than a jury was an informed and voluntary choice, as required by law. Therefore, the trial court did not err in accepting his waiver as “knowing and intelligent.”
In his second assignment of error, Mr. Comeaux challenges his adjudication as a multiple offender under La. R.S. 15:529.1, arguing that the State failed to prove the cleansing periods had elapsed between all of his predicate offenses.[1]
While Mr. Comeaux entered a not guilty plea to the habitual offender bill of information, the record reflects that no written response was filed and no oral objection was made to the proceedings. Furthermore, although defense counsel cross examined the State’s witness concerning some documentation of his prior convictions, he entered no objection to any of the evidence and did not question the | fiflnding that the defendant was a fourth-felony habitual offender. Therefore, Mr. Comeaux is precluded from raising any assignment of error relative to the habitual offender proceeding and adjudication. State v. Alford, 99-0299, p. 11 (La.App. 4th Cir.6/14/00), 765 So.2d 1120, 1125, and cases cited therein; State v. Washington, 98-0583, pp. 16-17 (La.App. 4th Cir.11/17/99), 747 So.2d 1191, 1200.
A review of the record reveals no errors patent.
For the reasons assigned, Mr. Co-meaux’s conviction, adjudication as a multiple offender, and sentence are affirmed.
AFFIRMED.

. In a third assignment of error, Mr. Co-meaux claims that he should not have been adjudicated a fourth felony offender because the prior offenses had previously been used to enhance his sentences as a second and third felony offender. This absurd argument will not be dignified by further mention.