United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30152
_____

ROGER COMEAUX,

Respondent-Appellee,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Petitioner-Appellant,

On Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:03-CV-1928

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Following his conviction for simple burglary of an inhabited dwelling, the district court granted Roger Comeaux habeas corpus relief under 28 U.S.C. § 2254 based on ineffective assistance of counsel. As the district court overlooked the requirements of AEDPA, it applied the incorrect standard of review; as the record does not support Comeaux's claims, we REVERSE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

##                              I.    BACKGROUND

In July 1998, Roger Comeaux was arrested at an apartment complex in New Orleans, Louisiana. After responding to a call reporting suspicious activity, the police found Comeaux carrying a white sack and attempting to scale a wall of the complex. The sack was later found to contain items from a ransacked apartment, which a witness had seen him leaving.

Comeaux was charged with simple burglary of an inhabited dwelling in violation of LA. REV. STAT. ANN. § 14:62.2 (1998)[1] and with being a multiple offender pursuant to LA. REV. STAT. ANN. § 15:529.1 (1998). Against the advice of counsel, he waived his right to a jury and proceeded to a bench trial. At trial, Comeaux took the stand and testified that he did not have permission to enter the apartment complex. He did not admit, however, to entering the burglarized apartment unit itself.

The judge convicted Comeaux of simple burglary, noting that Comeaux's testimony helped prove one of the elements of the crime: unauthorized entry. The owner of the burglarized apartment had not testified, making the element more difficult to prove. The judge then sentenced Comeaux to forty years in prison.

On direct appeal, Comeaux challenged both the trial court's finding that he had knowingly and intelligently waived his

---

[1]    Simple burglary is defined as "unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with an intent to commit a felony or any theft therein . . . ."

right to a jury trial and his adjudication as a multiple offender. Both grounds were denied. Comeaux then sought state post-conviction relief, contending that his trial counsel was ineffective for failing to move for an acquittal at the close of the state's case and for calling him to testify without proper preparation. The trial court denied the motion, finding that trial counsel had diligently represented his client. The Louisiana appellate courts affirmed.

Comeaux then filed a federal application for habeas corpus arguing, among other things, that his trial counsel was ineffective for calling him to testify at trial. The magistrate judge recommended denying all relief, but the district judge found that the decision to call Comeaux as a witness was problematic; it was the only means the court could determine by direct evidence whether Comeaux had permission to be in the apartment, as the victim did not testify. The judge sua sponte ordered an evidentiary hearing to determine if there was a legitimate tactical reason for counsel to call him to the stand. After the hearing, the district court granted Comeaux's § 2254 application, finding that whether or not counsel recommended or opposed Comeaux's trial testimony, he had not meaningfully dissuaded him from testifying or properly prepared him. As Comeaux's testimony was the primary way that the state proved unauthorized entry, the court found his counsel to be ineffective. The State appeals.

## II. DISCUSSION

To prove ineffective assistance of counsel, a defendant must show both that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052 (1984). Scrutiny of counsel's performance must be "highly deferential," avoiding the "distorting effects of hindsight." Id. at 689, 104 S. Ct. at 2065. Furthermore, "[b]ecause advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." Id. at 681, 104 S. Ct. at 2061. Additionally, "[i]f the facts adduced at trial point so over-whelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail." Jones v. Jones, 163 F.3d 285, 304 (5th Cir. 1998) (quoting Green v. Lynaugh, 868 F.2d 176, 177 (5th Cir. 1989)).

In addition to the demanding Strickland test, a petitioner must overcome the standard of review set out the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") for mixed questions of law and fact. Under this standard, state court

4

determinations receive deference unless they were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000).[2]

Comeaux cannot prove either prong of the Strickland test, let alone the unreasonableness of the state court judgment. Comeaux's complaint is primarily that his attorney allowed him to take the stand without properly advising him of his rights and the potential consequences of his testimony.  However, he had a lengthy criminal history; his prior burglary convictions resulted in his sentence as a fourth-felony habitual offender.  See State v. Comeaux, 774 So.2d 322 (La. App. 2000).  He had to be familiar with the risks of testifying in court and incriminating himself.

Moreover, counsel testified that he advised Comeaux against taking the stand, and Comeaux disregarded his advice.[3] Comeaux contests the advice he was given by his attorney, but the state court's credibility choice of counsel over the defendant is

---

[2]     In his brief, Comeaux claims he need not meet the strict AEDPA standard because the state court did not make "findings."  The case he cites, however, only establishes that AEDPA standards of review do not apply when the state court decision is not "on the merits."  Henderson v. Cockrell, 333 F.3d 592 (5th Cir. 2003).  Here, the state trial court clearly ruled on Comeaux's precise claim.  This court reviews that decision of the state courts, regardless of the precision of its findings.  See, e.g., Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999)(finding AEDPA applied when trial court ruling dealt with case on the merits and state supreme court subsequently denied relief in summary fashion, without independent findings).

[3]     Comeaux also disregarded counsel's advice in electing a bench trial, foregoing his right to a jury trial.

not unreasonable, nor did Comeaux satisfy AEDPA's standard for disregarding state factual findings. See 28 U.S.C. § 2254(e)(1).

In any event, his testimony was entirely unnecessary for guilt, because unauthorized entry can be proven entirely by circumstantial evidence. See, e.g., State v. Reed, 712 So.2d 572, 581-82 (La. App. 1998); State v. Harper, 480 So.2d 483, 486 (La. App. 1985); State v. Torres, 470 So.2d 319, 322-23 (La. App. 1985); State v. Credit, 455 So.2d 1238, 1239 (La. App. 1984). In this case, the evidence of his guilt was substantial. There was evidence of his presence in the ransacked apartment, he attempted to flee, he possessed contraband from the apartment, and the police arrived in response to a call of suspicious activity. As the district judge acknowledged when discussing the attorney's failure to request a motion for an acquittal, this is sufficient evidence of the element of unauthorized entry. See Comeaux v. Ieyoub, 2004 WL 1698676, at *2 (E.D. La. July 26, 2004).

The district judge noted that trial counsel "urged him to testify, unprepared, in his own behalf." Id. at *3. However, there was evidence that the attorney advised him not to testify. Additionally, the district judge stated that "whether that circumstantial evidence, absent Petitioner's self-incriminating testimony, would be sufficient to convict is subject to debate." Id. (emphasis added). These conclusions are not only inconsistent with the state court findings, to which we must defer, but are

6

insufficient to meet <u>Strickland</u>'s test, particularly given the high deference that must be paid to the state court ruling under AEDPA.[4]

### III. CONCLUSION

The district court failed to discuss AEDPA's deferential standards of review or explain why Comeaux's evidence and arguments overcame such heavy burdens. Because Comeaux's claim fails under AEDPA, the district court erred in granting Comeaux § 2254 relief.

Its judgment is **REVERSED.**

---

[4] We further note that the district court erred in granting an evidentiary hearing. Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is only appropriate when "(A) the claim relies on--(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Comeaux clearly cannot meet these requirements.