685 So.2d 249 (1996)
STATE of Louisiana
v.
Edwin A. MONTERROSO.
No. 96-KA-376.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1996.
*250 Jack M. Capella, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Martin E. Regan, New Orleans, for Defendant/Appellant.
Before WICKER, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Defendant, Edwin A. Monterroso, appeals his conviction of theft of property having a value of $100.00 or more, but less than $500.00. He contends that the evidence presented at trial was legally insufficient to support his conviction. We affirm the conviction, but vacate defendant's sentence as a multiple offender and remand to the trial court for further proceedings.
STATEMENT OF THE CASE
The Jefferson Parish District Attorney filed a bill of information on June 21, 1994, charging defendant, Edwin A. Monterroso, with a violation of LSA-R.S. 14:67, "in that he did commit theft of 1983 Datsun, valued at over $500.00, from Oscar Perdomo." Defendant pled not guilty. At the conclusion of trial, a six person jury found defendant guilty of theft of property having a value of $100.00 or more, but less than $500.00.
On November 3, 1995, the court sentenced the defendant as a second felony offender to three years at hard labor with credit given for time served. Defendant orally noted his intent to appeal.
Pursuant to a motion filed by the State, the trial court re-sentenced defendant to three years at hard labor without benefit of probation, parole or suspension of sentence. The court also afforded defendant credit for time served. On March 20, 1996, defendant appealed.

FACTS
At trial, Oscar Perdomo testified that in April of 1994, his automobile, a 1983 Datsun, was stolen from the parking lot of the apartment complex where he resides in Kenner. Mr. Perdomo further testified that he paid $900.00 for the car and that he did not give anyone, including defendant, permission to use, drive, or borrow his car. Mr. Perdomo later located the car by Bonnabel School and reported his finding to the police.
Norbey Cruz, who lives in the same apartment complex as Oscar Perdomo, testified that in the late evening hours of April 29, 1994, he was standing outside his apartment on the balcony and saw defendant drive away in Oscar Perdomo's car, although he did not actually see defendant get into the car. Mr. Cruz testified that he is employed by the apartment complex and knows the defendant having seen him around the area on several occasions. In addition, Mr. Cruz testified that he was very well acquainted with Oscar Perdomo, the owner of the stolen Datsun, having known him all his life, and was also familiar with Oscar Perdomo's vehicle, which he had previously driven.
Officers Russell Moran and Richard Bradshaw of the Kenner Police Department were dispatched to 2233 West Esplanade Avenue to investigate the automobile theft. Upon their arrival, they spoke to the victim, Oscar Perdomo, as well as the witness, Norbey *251 Cruz. The officers subsequently showed Mr. Cruz a six person photographic lineup, in which he positively identified defendant Edwin Monterroso as the individual that he saw drive away in Oscar Perdomo's vehicle. Mr. Cruz also positively identified defendant Monterroso in court as the perpetrator.

DISCUSSION
The sole issue presented on appeal is whether the state proved beyond a reasonable doubt that defendant committed theft of property having a value of $100.00 or more, but less than $500.00. The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Hebrard, 94-410 (La.App. 5 Cir. 1/31/95), 650 So.2d 352.
In this case, defendant was convicted of theft of property having a value of more than $100.00, but less than $500.00. The offense of theft is defined in LSAR.S. 14:67 as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.
In order for the defendant's conviction to be upheld on appeal, the state must have proven the following essential elements beyond a reasonable doubt: (1) that the defendant misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that the defendant had the intent to deprive the owner permanently of that which was misappropriated or taken. State v. Pittman, 368 So.2d 708 (La.1979); State in Interest of K.W., 93-716 (La.App. 5 Cir. 2/9/94), 632 So.2d 5. The state must further prove the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender. State v. Bourg, 470 So.2d 291 (La.App. 5 Cir.1985), writ denied, 475 So.2d 354 (La.1985).
Defendant now contends that the state failed to prove the elements of theft and points to the "unbelievable and contradictory" testimony of Mr. Cruz, the state's witness. Specifically, defendant contends that Mr. Cruz's testimony that he saw defendant in Mr. Perdomo's vehicle on the night of the theft lacks the indicia of reliability because: 1) It fails to designate the vantage point from which Mr. Cruz made these observations. 2) It fails to explain his contradictory statements to the police on the night of the investigation. 3) It fails to explain how Mr. Cruz, in the evening hours with difficulty seeing distances, was able to pinpoint appellant behind *252 the wheel of a small vehicle from a distance of between 25 to 100 feet. 4) It fails to exclude how the Datsun, with a broken ignition, was not stolen by a third party.
The state, through the testimony of Oscar Perdomo and Norbey Cruz, sufficiently proved the elements of the offense. Mr. Perdomo testified that he was the owner of the 1983 Datsun, that he paid $900.00 for it, and that he did not give anyone, including defendant, permission to drive or take his car. In conjunction with this testimony, Mr. Cruz, who was standing outside his apartment on the balcony on the night in question, testified that he saw defendant drive away from the parking lot in Mr. Perdomo's car, although at trial he claimed that he did not actually see defendant get into the car. In addition, Mr. Perdomo's car was never returned to him and he later located it himself by Bonnabel School. The discrepancies between Mr. Cruz's testimony and the statement that he gave to police on the night of the incident were made known to the jury. Particularly, the jury knew that the statement Mr. Cruz initially gave to the police indicated that he saw defendant get into the car, while at trial he consistently maintained that he did not see defendant actually get into the car. The jury was also aware that the incident occurred at night, that Mr. Cruz wore glasses and that he had difficulty seeing distances. In addition, Mr. Cruz testified that he viewed defendant in the car at approximately 25 to 35 feet while the police officer estimated the distance to be 100 feet. With those inconsistencies, the jury still chose to believe the testimony of the state witnesses. It is not the function of the appellate court to evaluate the credibility of the witnesses and to overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). Such factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Lee, 526 So.2d 450 (La.App. 5 Cir.1988).
We find that the evidence at trial, when viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. This assignment is without merit.
ERROR PATENT DISCUSSION
An error patent review was done in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
Our review reveals an error in the habitual offender proceeding conducted prior to the imposition of sentence. The defendant pled guilty to the multiple offender bill of information. After defendant, through counsel, tendered his plea, the following discussion transpired:
THE COURT:
All right. And do you waive delays for sentencing?
MR. REGAN:
We do waive delays, Your honor.
THE COURT:
Is it necessary to boykenize (sic) your client at this time on this multiple bill?
MR. REGAN:
I'm not aware that it is at this point. If you choose to do so, that's fine.
THE COURT:
No. I mean
MR. REGAN:
We're not
THE COURT:
You waive any
MR. REGAN:
I'm waiving that at this time.
THE COURT:
Okay. At this time, Mr. Monterroso, the Court accepts your plea and hereby sentences you to serve three years in the Department of Corrections at hard labor, and you'll be given credit for time served.
MR. REGAN:
Thank you, Your Honor.
In State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La. App. 1 Cir.1984), appeal after remand, So.2d 1041 (La.App. 1 Cir.1985) the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1D, stating as follows:

*253 This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
The record before us does not contain any showing that defendant was advised of his right to a formal hearing and his right to have the state prove its case under the multiple offender statute; nor does it show that defendant was informed of his right to remain silent. Such failure to advise defendant of these rights constitutes reversible error. See State v. McIntyre, 496 So.2d 1204 (La.App. 5 Cir.1986); State v. Harris, 612 So.2d 280 (La.App. 5 Cir.1992). However, defendant may be tried again on the multiple offender bill, since double jeopardy does not attach to multiple offender hearings. State v. Johnson, supra; State v. Harris, supra.
Accordingly, we affirm defendant's conviction for theft of property having a value of $100.00 or more, but less than $500.00. We further vacate defendant's sentence as a multiple offender and remand the case to the trial court for resentencing proceedings consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.