729 So.2d 75 (1999)
STATE of Louisiana
v.
Pearla HERRERA.
No. 98-KA-677.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
*76 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Joan S. Benge, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Bertha M. Hillman, Thibodaux, Louisiana, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant/appellant Pearla Herrera appeals from the trial court's denial of her motion for post-verdict judgment of acquittal. Based on the following reasons, we affirm in part and remand with instructions.
On May 30, 1997, the defendant was charged with theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. Defendant was arraigned on July 9, 1997 and pled not guilty.
A bench trial was held on August 19, 1997, and the judge found the defendant guilty as charged. On September 3, 1997, defendant filed a motion for post verdict judgment of acquittal which was heard and denied that same day. The trial court then sentenced the defendant to two years at hard labor, with credit for time served.
On September 8, 1997, defendant filed a motion for appeal and a motion to reconsider sentence. On September 10, 1997, the court granted the appeal motion. The court denied defendant's motion to reconsider sentence.[1]
The events in question occurred on March 12, 1997 at the Home Depot Store on Veterans Boulevard in Kenner. The defendant and another woman left the store pushing shopping carts, and upon exiting the doors, the theft alarm was activated. The defendant stopped and was questioned by Charmaine Robertson, a cashier employed by Home Depot. The other woman continued toward the parking lot and was not detained. Ms. Robinson testified that both women had *77 passed the cashier station and proceeded to the exit without paying for any merchandise. Brett Caminita, another cashier on duty at the store, testified that there was a young child with the defendant when she was stopped at the exit.
The only item in the possession of the defendant was a black handbag found in the shopping cart. When asked if she had a store receipt, defendant replied that she did not have one. Steven Theall, the head cashier, was summoned to the exit. In the presence of Mr. Theall and Mr. Caminita, Ms. Robinson passed the defendant's handbag by the sensor, causing the theft alarm to activate. Mr. Theall opened the handbag and found various items of store merchandise. Defendant was then detained and the police were notified.
Officer Stephen Fonte of the Kenner Police Department was dispatched to the store. He advised defendant of her Miranda rights and then proceeded to question her concerning the items found in her handbag. Defendant admitted that the handbag was hers, but she denied taking any of the items. She admitted that she had come to the store with another person, but she refused to identify this person to the police. The items taken from the defendant's handbag were scanned into the store computer and the total value of the merchandise was calculated at $240.58.
Brett Caminita testified at trial that he saw a second woman in the parking lot at the time that the defendant stopped at the exit, but no one attempted to find this woman or detain her. At trial, defense witness Petrina Lae testified that she had been shopping at Home Depot with the defendant on the date in question and that she had placed the stolen items in the defendant's handbag. Ms. Lae testified that the defendant stayed with her cart the entire time, but never saw her place the items in defendant's handbag. She further testified that she took the merchandise for her own use, and that none of it was intended for the defendant. According to Ms. Lae, she never heard the store alarm and continued on to her car. She claims that she went to her car and waited in the parking lot for the defendant for 25 minutes before finally leaving the premises. Even though she admitted to the crime, the trial judge did not find her to be a credible witness. The trial judge still found the defendant guilty as a principal to the crime committed by Ms. Lae.
Defendant asserts that the trial judge erred in denying her motion for post-verdict judgment of acquittal. A motion for post-verdict judgment of acquittal is the device by which a defendant may raise the issue of sufficiency of the evidence. LSA-C.Cr.P. art. 821; State v. Ellis, 95-1005 (La.App. 5th Cir. 3/26/96), 672 So.2d 1007.
Defendant claims that the evidence presented at trial was not sufficient to sustain a conviction. The state's trial exhibits, which consisted of a set of photographs and the black handbag, were not properly introduced at trial. Although those exhibits were shown to and identified by several witnesses at trial, the record does not show that the state properly offered them for admission into evidence, or that they were in fact admitted by the court.[2] At the hearing on the motion for post-verdict judgment of acquittal, the state conceded that it had failed to properly introduce its evidence at trial. The trial judge nevertheless denied defendant's motion, finding that, even excluding the two exhibits, there was sufficient evidence at trial to prove defendant's guilt.
On appeal, defendant argues that the evidence was insufficient to support her conviction since Petrina Lae admitted to the theft. The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based in proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. See State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Robinson, 97-269 (La App. 5th Cir. 5/27/98), 713 So.2d 828.
The theft of goods statute, LSA-R.S. 14:67.10, provides in part:

*78 A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale.
(2) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.
(Emphasis added).
Witnesses Charmaine Robertson and Brett Caminita testified at trial that defendant attempted to exit the store with merchandise for which she had not paid. This evidence was sufficient to prove the "taking" element of the offense. It is possible to infer the requisite intent from the testimony that the merchandise was concealed in a handbag in defendant's possession. See State v. Johnson, 95-906 (La.App. 5th Cir. 1/28/97), 688 So.2d 162, where this Court found (pursuant to an Anders review) that evidence that the defendant concealed a department store's shirts in a bag lined with aluminum foil was sufficient to prove intent to take the items, and thus supported the defendant's conviction for theft of goods.
Defendant argues that the state did not prove she had the necessary intent to commit a theft, since Ms. Lae's testimony was that defendant did not put the store's merchandise in the bag, nor did defendant see Lae take the items. The trial judge, the trier of fact in this case, did not find Lae to be a credible witness. In her reasons for judgment, the trial judge commented:
[T]he defense witness is utterly incredible. It is about impossible not to see one of twelve of those items having gone into that bag if you were staying close enough to your cart to protect your three year old in her shopping cart seat, and, repeatedly, the defense witness said that Ms. Herrera stayed with the cart. Therefore-I absolutely believe the witness when she says she's the one that put the stuff in the diaper bag, and it was for her. The problem is that Ms. Herrera is a principal to the crime. There is no way that Ms. Herrera could have avoided seeing her friend putting the items in the diaper bag, therefore, Miss-and the friend left. The notion that she rode around the parking lot for 25 minutes and then left and left her friend in the store with the baby belies credibility.
The question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be re-weighed on appeal. State v. Rowan, 97-21 (La.App. 5th Cir. 4/29/97), 694 So.2d 1052. In any event, it seems unlikely that Ms. Lae could have put so many items into the handbag without attracting defendant's notice. The evidence tends to show that, even if defendant did not place the merchandise in the bag, she at least knew it was there. The circumstances make defendant a principal to the offense. LSA-R.S. 14:24 states:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
This rule has important qualifications. Only those persons who knowingly participate in the planning or execution of a crime are principals. State v. Pierre, 93-0893 (La. 2/3/94), 631 So.2d 427. Mere presence at the scene is therefore not enough to "concern" an individual in the crime. Id. at 428. Moreover, an individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. Id. See State v. Meyers, 95-750 (La.App. 5th Cir. 11/26/96), 683 So.2d 1378; State v. Girod, 94-853 (La.App. 5th Cir. 3/15/95), 653 So.2d 664.
The trier of fact in this case did not find Ms. Lae to be a credible witness. Furthermore, the circumstances of the crime led the *79 trial judge to believe that the defendant was not an innocent bystander. She knowingly participated in the execution of the crime and must therefore be considered a principal to said crime.
The severity of a theft and the punishment for the convicted offender are dependant upon the value of property stolen. The state must therefore prove the value of the property at trial. State v. Monterroso, 96-376 (La.App. 5th Cir. 11/14/96), 685 So.2d 249, writ denied, 96-2983 (La. 5/1/97), 693 So.2d 743. Although defendant does not argue the issue here, it must be considered, as part of the sufficiency determination, whether the state proved the value of the merchandise.
Home Depot employee Steven Theall testified that he entered the codes for the confiscated merchandise into a computer in the store's training room. According to Theall, the merchandise had a total value of approximately $240.00. Officer Stephen Fonte testified he was present when Theall made the calculations, and he noted in his report that the merchandise totaled $240.58. Fonte stated that there were fifteen items in all, including brass door knockers, ceramic cabinet knobs, a door handle set, and wallpaper trimming. The testimony of the state's witnesses as to the value of the property was uncontroverted.
As noted above, the state failed to properly admit State's Exhibit 1, in globo, the photographs of the merchandise recovered from defendant. However, it is arguable that the testimony of the state's witnesses was sufficient as to the issue of value. In State v. Monterroso, supra, this Court affirmed the defendant's conviction for theft of property valued at between $100.00 and $500.00. The state's evidence at trial consisted of the victim's testimony that he had bought his car for $900.00, and had not given defendant permission to take it; and of the testimony of a witness who saw the defendant take the car. This Court found the evidence sufficient to prove the elements of the offense.
In State v. Council, 97-1221 (La.App. 5th Cir. 3/25/98), 708 So.2d 1283, the defendant challenged his conviction for theft of goods valued at over $500 from a K-Mart Store, contending that the state had failed to prove the value of the items on the day of the offense. The store's security officer testified at trial that on the date of the incident, she personally compiled a list of the stolen merchandise and the respective retail prices, and that the total value of the items was $542.92. She explained that she had arrived at this total by using a device which scans the bar codes of merchandise and provides the appropriate retail prices. The security officer also verified the prices with a store manager. On review, this Court found the security officer's testimony sufficient to prove the value of the items on the day they were taken.
In State v. Sanders, 558 So.2d 785 (La. App. 5th Cir. 1990), writ denied, 581 So.2d 677 (La. 1991), the defendant was convicted of theft of property valued at $100 or more from a Schwegmann's grocery store. At trial the state's evidence consisted of the testimony of the store security officer, who saw the defendant take two unopened cases of liquor and attempt to leave the store without paying. The officer testified that the liquor was priced at $225.42, and that he verified the price with the liquor department supervisor.
In all of the aforementioned cases, the value of the stolen items was found to have been sufficiently proven by testimony of the victims. Based on the foregoing, it is the opinion of this Court that the evidence at trial was sufficient under the Jackson standard to support the defendant's conviction.
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990); State v. Godejohn, 425 So.2d 750 (La. 1983). Errors were found in the record which must be rectified by the trial court.
The record in this case does not reflect that defendant was properly advised of her right to a jury trial in accordance with LSA-C.Cr.P. art. 780, or that she knowingly and willingly waived that right *80 before proceeding to a bench trial.[3] This error is not affirmatively raised by either the state or defendant. However, this Court, along with other courts of appeal, has raised this issue as a patent error. State v. Clark, 97-1064 (La.App. 3rd Cir. 4/1/98), 711 So.2d 738; State v. Talley, 572 So.2d 230 (La.App. 1st Cir. 1990); State v. Miller, 517 So.2d 1113 (La.App. 5th Cir. 1987), writ denied, 523 So.2d 1335 (La. 1988).
The offense of which defendant was convicted, theft of goods valued at between $100 and $500, is punishable by a term of up to two years, with or without hard labor. LSA-R.S. 14:67.10 B(2). Louisiana Constitution Article I § 17 provides that a case in which the punishment may be confinement at hard labor shall be tried before a jury composed of six persons. Article 780 requires that the defendant be advised of his right to a jury trial, and further provides that a defendant, once he has been so informed, may waive the right. Waiver of the right to a jury trial is never presumed. State v. McCarroll, 337 So.2d 475 (La. 1976); State v. Jackson, 95-423 (La.App. 5th Cir. 11/15/95), 665 So.2d 467; State v. Cappel, 525 So.2d 335 (La.App. 1st Cir. 1988), writ denied, 531 So.2d 468 (La. 1988).
Where no valid jury waiver is found, Louisiana courts have traditionally set aside the defendant's conviction and remanded for a new trial. See State v. Williams, 404 So.2d 954 (La. 1981); State v. Miller, supra. However, citing this Court's decision in State v. James, 94-720 (La.App. 5th Cir. 5/30/95), 656 So.2d 746, the Louisiana Supreme Court appears to have sanctioned the procedure of remanding to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained. State v. Nanlal, 97-0786 (La. 9/26/97), 701 So.2d 963. This Court has recently followed the procedure established in Nanlal. See State v. Westmoreland, 98-437 (La.App. 5th Cir. 10/14/98), So.2d, 721 So.2d 951, 1998 WL 754627; State v. Stoltz, 98-235 (La.App. 5th Cir. 8/25/98), 717 So.2d 1243. Therefore, it is the opinion of this Court that the matter should be remanded to the trial court for an evidentiary hearing to determine if a valid jury waiver was obtained.
It is noted that the trial court sentenced defendant immediately after denying her motion for post verdict judgment of acquittal. LSA-C.Cr.P. art. 873 requires a 24-hour delay in sentencing after denial of a motion for new trial or in arrest of judgment, unless the defendant waives the delay. The article does not explicitly require a 24-hour delay in sentencing after a motion for post-verdict judgment of acquittal is denied. However, this Court has applied the delay requirement of article 873 to motions for post-verdict judgment of acquittal. See State v. Williams, 97-970 (La.App. 5th Cir. 1/27/98), 708 So.2d 1086; State v. Allen, 93-844 (La.App. 5th Cir. 5/11/94), 638 So.2d 263. This Court addressed this issue in State v. Forrest, 95-31 (La.App. 5th Cir. 2/14/96), 670 So.2d 1263, writ denied, 96-0654 (La. 6/28/96), 675 So.2d 1117, holding that an error in sentencing a defendant without a 24-hour delay was harmless where the defendant neither complained of the sentence or claimed to have been prejudiced by the mistake. Since defendant neither objected below nor raised a sentencing error on appeal, no corrective action is required.
The trial judge failed to inform defendant at the time of sentencing of the three-year time limitation for applying for post conviction relief, as required by LSC.Cr.P. art. 930.8. The Court shall remedy the error by ordering the district court to send written notice of the prescriptive period to defendant within ten days of the rendering of the opinion, then file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
In summary, it is the opinion of this Court that the defendant's assignment of error is without merit. However, due to the errors *81 found in the record, this case must be remanded to the trial court for an evidentiary hearing to determine whether a valid jury waiver was obtained. Furthermore, the trial court must give written notice to the defendant of the prescriptive period to apply for post-conviction relief as required by LSC.Cr.P. art. 930.8. This case is remanded pending further action by the trial court.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] The date on which the court denied the motion is not indicated in the record.
[2] The trial judge apparently viewed the photographs, without objection by the defense.
[3] The minute entry for August 19, 1997 indicates that the defense waived a jury trial and elected to be tried by the judge. There is nothing in the transcript of that day's proceedings to show that was the case. It is well settled that, where there is a discrepancy between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Haynes, 96-84 (La.App. 5th Cir. 6/25/96), 676 So.2d 1120, 1123.