769 So.2d 1242 (2000)
STATE of Louisiana
v.
Natasha BROOKS.
No. 00-KA-106.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*1243 Paul D. Connick, Jr., District Attorney, Thomas Butler, Terry M. Boudreaux, Rickard R. Pickens, II, Assistant District Attorneys, Gretna, Attorneys for Appellee.
Bruce G. Whittaker, New Orleans, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant/appellant Natasha Brooks appeals the judgment of the trial court finding her guilty of theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. Brooks and two codefendants were apprehended while leaving Dillard's Department Store with $328.00 dollars worth of stolen merchandise. Brooks alleges that the evidence was insufficient to support the verdict in that she was unaware that the two co-defendants were shoplifting and the State failed to prove the value of the merchandise allegedly in her possession. For the following reasons, we affirm the judgment of the trial court.
On August 10, 1999, Deputy David Chaplin of the Jefferson Parish Sheriffs Office observed Brooks and co-defendants Cindey Felix and J.T. (a minor) concealing merchandise in two purses and a black shopping bag. The women passed the cash registers and exited the store, at which time Deputy Chaplin apprehended the women. The total value of the items stolen was $328.00. Brooks and Felix were charged with theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. Felix was found guilty prior to this trial.
On November 30, 1999, a six member jury was empaneled and the case went to trial before the Honorable Fredericka H. Wicker of the Twenty-Fourth Judicial District Court. Deputy Chaplin testified that he observed the three women concealing merchandise in their purses and a black *1244 shopping bag before exiting the store. He further testified that the merchandise recovered from all three women had a total value of $328.00. Felix and J.T. both testified that they stole the merchandise in question from Dillard's and that Brooks neither participated in nor had knowledge of the theft. Brooks testified that she went with Felix and J.T. to Dillard's before going to Sears to visit her fiancee, Antoine Lawson. Upon returning to Dillard's, she and the two co-defendants walked out of the store, at which time they were placed under arrest. Brooks denied participating in or having any knowledge of the theft.
At the conclusion of the trial, the jury returned a verdict of guilty as charged to the crime of theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. The State then filed a multiple offender bill of information alleging that Brooks was a second felony offender. On December 8, 1999, Brooks stipulated to being a second felony offender and the trial court sentenced her to one year of imprisonment at hard labor without benefit of probation or suspension of sentence. Her motion for new trial was denied by the trial court. Brooks filed a timely motion for appeal which was subsequently granted by the trial court. The matter is now before this Court for review.

LAW AND ANALYSIS
Brooks alleges one assignment of error on appeal. In her assignment of error, Brooks alleges that the trial court erred in finding her guilty of theft of goods valued between $100.00 and $500.00 as the evidence was insufficient to support the verdict.
The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia.[1] In Jackson, the Supreme Court explained that when evaluating the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] The reviewing court must decide, after viewing the direct and circumstantial evidence in the light most favorable to the prosecution, whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt.[3] Ultimately, all evidence, both direct an circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.[4]
Brooks was convicted of theft of goods valued between $100.00 and $500.00. The offense of theft is defined in LSA-R.S. 14:67 as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of one hundred *1245 dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.
In order for Brooks' conviction to be upheld on appeal, the State must have proven the following essential elements beyond a reasonable doubt: (1) that the defendant misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that the defendant had the intent to deprive the owner permanently of that which was misappropriated or taken.[5] The State must further prove the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender.[6]
Brooks specifically argues that the evidence was not sufficient to prove that the value of the property allegedly stolen by her exceeded the felony minimum limit of $100.00. Deputy Chaplin testified that he observed the three women conceal the merchandise and that he recovered some of the merchandise from Brooks' purse. It is possible to infer the requisite intent from the testimony that the merchandise was concealed in a handbag in Brooks' possession.[7] Contrary to Deputy Chaplin's testimony, Brooks alleges that she never concealed anything in her purse, and that nothing was recovered from her purse.
The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness.[8] Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency.[9] The credibility of witnesses will not be reweighed on appeal[10] "[T]he Jackson standard does not serve as a vehicle for a reviewing court to second guess the rational credibility determinations of the fact finder at trial."[11] The jury in this case found Deputy Chaplin's testimony more credible than the testimony of Brooks and her witnesses.
Brooks next argues that, even if this Court finds Deputy Chaplin's testimony credible, the State failed to prove that the portion of the merchandise possessed by her exceeded $100.00. Deputy Chaplin testified that Brooks, along *1246 with the other two women, were close together and concealing merchandise in their bags. These circumstances make Brooks a principal to the offense. LSA-R.S. 14:24 states:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
This rule has important qualifications. Only those persons who knowingly participate in the planning or execution of a crime are principals.[12] Mere presence at the scene is not enough to "concern" an individual in the crime.[13] All persons "concerned" in the commission of an offense, either directly or indirectly, are principals in the crime, and culpable according to the mental state they possess at the time of the offense.[14] As a principal to the crime, Brooks is held culpable for the entire value of the merchandise. Accordingly, the evidence was sufficient to show that Brooks, with the requisite intent, executed the theft of goods valued between $100.00 and $500.00. The conviction must be affirmed.
The record was reviewed for errors patent according to LSA-C.Cr.P. art. 920.[15] Two patent errors were found in the record, but neither require a remand to the trial court.
A review of the record reveals that, although Brooks stipulated to being a second felony offender, and was sentenced as such, the trial court failed to impose sentence upon her prior to the multiple offender adjudication. Therefore, Brooks never had an "original" sentence. LSA-R.S. 15:529.1 D(3) requires a trial court to vacate an original sentence before sentencing a defendant as a multiple offender. This Court has consistently ruled that, where the original sentence on the underlying offense has not been vacated before the habitual offender sentence is imposed, the defendant's original sentence remains in effect and the subsequent sentence as a multiple offender is null and void.[16] Because any "original" sentence imposed upon Brooks would have had to have been vacated upon her sentencing as a multiple offender, the failure to impose an original sentence does not constitute error.
The record further reflects that Brooks' motion for new trial was ruled upon immediately after she had been sentenced. LSA-C.Cr.P. art. 853 provides in pertinent part that "[a] motion for a new trial must be filed and disposed of before sentence." This Court has held that sentencing prior to a ruling on these motions must be set aside and the case remanded for a ruling on the motions and then resentencing.[17] In this case, there was a ruling on the motion for new trial after sentencing and there is no need to remand for a ruling on that motion. Further, Brooks noted that she had planned on waiving her 24-hour sentencing delay between a ruling on the motion for new trial and sentencing. The timing of the trial court, although incorrect, constitutes harmless error. The conviction and sentence must be affirmed.
*1247 In summary, it is the opinion of this Court that the trial court did not err in finding Brooks guilty of theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. The evidence was sufficient to support the conviction. The jury, in its discretion, chose to find the testimony of Deputy Chaplin more credible than that of Brooks and the defense witnesses. Also, the State presented sufficient evidence to prove that the value of the merchandise was between $100.00 and $500.00. The judgment of the trial court must be affirmed.
AFFIRMED.
NOTES
[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] Id.
[3] State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922; cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722; State v. Holmes, 98-490 (La.App. 5th Cir. 3/10/99), 735 So.2d 687.
[4] State v. Ortiz; State v. Stanley, 98-920 (La. App. 5th Cir. 2/10/99), 729 So.2d 33; writ denied, 99-614 (La.6/25/99), 745 So.2d 1186.
[5] State v. Monterroso, 96-376 (La.App. 5th Cir. 11/14/96), 685 So.2d 249; writ denied, 96-2983 (La.5/1/97), 693 So.2d 743.
[6] Id. at 251.
[7] See State v. Johnson, 95-906 (La.App. 5th Cir. 1/28/97), 688 So.2d 162.
[8] State v. Rowan, 97-21 (La.App. 5th Cir. 4/29/97) 694 So.2d 1052.
[9] State v. White, 472 So.2d 130 (La.App. 5th Cir.1985).
[10] State v. Rowan, supra.
[11] State v. Juluke, 98-341 (La.1/8/99) 725 So.2d 1291.
[12] State v. Herrera, 98-677 (La.App. 5th Cir. 2/10/99), 729 So.2d 75.
[13] Id. at 78.
[14] State v. Anderson, 97-1301 (La.2/6/98), 707 So.2d 1223; writ denied, 98-1374 (La.10/9/98), 726 So.2d 25.
[15] State v. Godejohn, 425 So.2d 750 (La. 1983); State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[16] State v. Carter, 96-358 (La.App. 5th Cir. 11/26/96), 685 So.2d 346; State v. Jackson, 95-423 (La.App. 5th Cir. 11/15/95), 665 So.2d 467; State v. Henderson, 94-286 (La.App. 5th Cir. 12/14/94), 648 So.2d 974.
[17] State v. Wilson, 96-251 (La.App. 5th Cir. 10/1/96), 683 So.2d 775; writ denied, 754 So.2d 935 (La.2/11/00).