J^CLARENCE E. McMANUS, Judge.
In this matter, Defendant Coleman appeals her conviction for theft. We affirm both the conviction and sentence, and remand the matter for correction of one error patent.
STATEMENT OF THE CÁSE
On March 23, 2000, the Jefferson Parish Sheriffs Office filed a bill of information charging Penny Price,[1] Stacey L. Coleman, and Camalla M. Simeon with theft of goods, valued between $100.00 and $500.00, in violation of LSA-R.S. 14:67.10. On April 5, 2000, the Defendant, Stacey Coleman, was arraigned and entered a plea of not guilty.
On July 25, 2000, a six-member jury was chosen and sworn; trial commenced. After the evidence was presented, the jury unanimously found the Defendant guilty as charged. On September 21, 2000, after denying Defendant’s motion for post-verdict judgment of acquittal,[2] the trial judge sentenced the Defendant to two years at hard labor, suspended, and placed the Defendant on two years’ active probation.[3]
Defendant timely filed a motion for appeal.
*921 FACTS
On January 22, 2000, Detective Kevin Nichols of the Jefferson Parish Sheriffs Office was working a security detail at Dillard’s Department Store at Oakwood Shopping Center. That evening, from the security office, he observed a black male, later identified has Co Defendant Camalla Simeon, take two pairs of Guess jeans from the Guess section of Dillard’s and leave the jeans on the floor of the Round-tree and York section of Dillard’s. Later, Simeon returned to the Roundtree and York section with a plastic Dillard’s bag, retrieved the jeans from the floor and placed them in the plastic bag.
After placing the jeans into the bag, Simeon approached Penny Price, who was standing near the cologne section of Dillard’s, and spoke to him. According to Nichols, from Price’s vantage point at the cologne counter, Price was able to view Simeon in the Roundtree and York section. After the men spoke briefly at the cologne counter, they exited the store. According to Detective Nichols, the two men walked past several cash registers on their way to the exit without paying for the items that Simeon had in his bag.
Detective Nichols pursued the two men into the parking lot, where he saw them walking toward a white vehicle with its engine running and its lights on. Nichols noticed the vehicle was not parked in one of the parking areas but the female driver, later identified as the Defendant, appeared to be waiting in an area from which she could easily depart.
When Nichols, who was in uniform and identified himself as a police officer, called out to the men,[4] they looked back at him then fled toward the vehicle. After the two men got into the car, Nichols drew his gun and ordered the Defendant to stop the vehicle, but she ignored the officer’s directive. After the officer moved out of the vehicle’s path, the vehicle, with the Defendant behind the wheel, proceeded towards Wright Avenue. Detective Nichols pursued the car on foot unsuccessfully.
After Nichols broadcast the vehicle’s license plate number and description, an off-duty deputy spotted the vehicle on Behr-man Highway and, after receiving assistance from other Jefferson Parish Sheriffs deputies, stopped the vehicle on Lapalco Boulevard. When Nichols arrived at the scene of the arrest, he identified all three subjects and retrieved a plastic Dillard’s bag containing two pairs of Guess jeans and two t-shirts from lathe backseat of the vehicle.[5]
Initially, Nichols testified that the Dillard’s bag he retrieved from the vehicle was the only Dillard’s bag in the' vehicle but, on cross examination, he admitted that he was not sure how many Dillard’s bags there were in the car. Further, according to Nichols, the Defendant claimed that she had received the bag in question when she purchased a t-shirt that evening for her nephew. There was a receipt for this t-shirt in the bag in question.
Nichols testified that the two pairs , of jeans in the bag were the jeans he had observed Simeon take from the Guess section of Dillard’s and put into the bag. Nichols testified that he had not seen anyone place either t-shirt into the bag. He also admitted that he did not see either the Defendant or Penny Price carrying the bag of merchandise.
*922 Additionally, Nichols remembered seeing the Defendant, Penny Price and Cam-alla Simeon together in the store about 30 minutes before he saw Simeon putting the jeans into his Dillard’s bag. Finally, Nichols stated that there was no doubt in his mind that both men who exited that store saw and heard him command them to stop and also that the driver of the vehicle saw and heard him command her to stop the vehicle.
The defense stipulated that the value of the blue jeans was $159.00. The Defendant also presented testimony from Co Defendant Camalla Simeon, who had already pleaded guilty to theft between $100.00 and $500.00 for stealing the clothes. Simeon admitted that he had two prior convictions: auto theft and possession of stolen property. He also stated that he caught a bus from Algiers to Oak-wood Shopping Center to steal and he happened to run into Penny Price at the mall and asked him for a ride back across the River to New Orleans.
He stated that he brought the Dillard’s bag that he used to shoplift with him to the store that day and, further, that he stole two Guess shirts and two pairs. of Guess jeans. Simeon stated that when he saw Penny Price, he did not tell Price what he had in the bag 14he was carrying or that he was stealing from Dillard’s. He also claimed that he did not see or hear a Jefferson Parish Sheriffs deputy after he exited the store or in the parking lot as they drove away. He also stated that after he was arrested, he tried to tell- the police that the Defendant and her brother were not involved in the theft.
Finally, the Defendant testified on her own- behalf. She stated that she and her brother went to Oakwood Mall to buy a pair of tennis shoes and a shirt for their nephew. Price went into the mall to purchase the shoes and she went into Dillard’s to buy the shirt. After she bought the shirt, she returned to her ear and drove to pick up her brother at the door where she had dropped him off.
After he got into the car, her brother told her he wanted to buy some cologne at Dillard’s so she drove him around to Dillard’s. He went inside but she waited in the car because it was raining. After about ten minutes, her brother and another man that she did not know exited from Dillard’s. Since it was raining, the Defendant drove to pick the men up, then they left the mall.
She stated that she did not see or hear a policeman in the parking lot. She also stated that her bag containing the t-shirt she purchased was in the back seat before the two men entered her car. She denied any knowledge that Simeon had stolen anything. She stated that after the police stopped her on Lapalco Boulevard, Simeon threw a bag with merchandise into the front seat. She also told the police that she had nothing to do with the theft.
On cross-examination, she admitted that when she left the mall she took a circuitous route to her final destination, but it was the only route that she knew since she was not familiar with the Westbank. She also stated on cross-examination that there were two Dillard’s bags in her car: hers and Simeon’s. She denied telling Detective Nichols that the Dillard’s bag containing two pairs of jeans and two shirts that the police found in her car was her bag.
On rebuttal, the State recalled Detective Nichols who stated that Simeon did not indicate that he was solely responsible for the theft after his arrest. In fact, Nichols J^recalled that while he and Simeon were in the holding cell together, he heard Price tell Simeon, “Go ahead and take the charge, man. I will get you out of jail.” Simeon refused. Nichols also reiterated *923 that the Defendant stated that she had purchased a t-shirt and the bag in question belonged to her.
Based on that testimony, the six-member jury unanimously found the Defendant guilty as charged.
ASSIGNMENT OF ERROR NUMBER ONE
In her first assignment of error, the Defendant argues that the State did not prove beyond a reasonable doubt that she committed theft because (1) there is no proof that she possessed the stolen property; (2) there is no proof that she assisted Simeon in obtaining or concealing the property; (3) she denied any involvement in the crime; and (4) Simeon took full responsibility for the crime. The State responds that the evidence indicates that the Defendant was a principal to the theft and the jury’s decision was a reflection of its determination that Defendant and Si-meon were not credible.
In reviewing the sufficiency of the evidence, due process requires the reviewing court to determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Mussall, 523 So.2d 1305, 1309 (La.1988) (citing Jackson, supra at 319, 99 S.Ct. 2781).
Instead, a reviewing court is required to consider the whole record, and determine whether a rational trier of fact would have found the State proved the essential elements of the crime beyond a reasonable doubt. Id. at 1309. Further, the actual trier of fact is presumed to have acted rationally until it appears otherwise. Id. at 1310. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a | Brational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96 1609 (La.10/21/97), 701 So.2d 922, 930; State v. Stanley, 98-920 (La.App. 5 Cir. 2/10/99), 729 So.2d 33, writ denied, 99-614 (La.6/25/99), 745 So.2d 1186.
The Defendant was convicted of theft of goods valued between $100.00 and $500.00. The theft of goods statute, LSA R.S. 14:67.10, provides, in pertinent part:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale.
[[Image here]]
B. (2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.
[[Image here]]
In order for the Defendant’s conviction to be upheld on appeal, the State *924 must have proven the following essential elements beyond a reasonable doubt: (1) that the defendant misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that the defendant had the intent to deprive the owner permanently of that which was misappropriated or taken. State v. Brooks, 00-106 (La.App. 5 Cir. 9/26/2000), 769 So.2d 1242, 1245 (citing State v. Monterroso, 96-376 (La.App. 5 Cir. 11/14/96), 685 So.2d 249, 251). The State must further prove the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender. Id. (citing Monterroso, supra at 251).
Here, the Defendant argues that she did not possess or assist Simeon in obtaining and concealing the stolen property. She also denies any involvement in the crime and contends that she was exonerated when Simeon took full responsibility for the theft.
Detective Nichols testified that he remembered seeing the Defendant, Simeon and Price walking together in Dillard’s about 30 minutes before the incident in question. |7Further, Nichols identified the Defendant as the driver of the automobile that was waiting for Price and Simeon in the parking lot of the mall. He also testified that she looked at him and ignored his command to stop the vehicle. She then drove out of the parking lot with the men who he observed' shoplifting clothing from Dillard’s. Finally, Detective Nichols testified that after the trio were stopped by the police, the Defendant claimed that she had received the Dillard’s bag in question when she purchased a t-shirt earlier that evening. He testified that the bag found in the Defendant’s backseat contained two t-shirts and two pairs of jeans and a receipt for one of the t-shirts.
These circumstances indicate that the Defendant is a principal to the offense. LSA-R.S. 14:24 states:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
This rule has important qualifications. Only those persons who knowingly participate in the planning or execution of a crime are principals. State v. Herrera, 98-677 (La.App. 5 Cir. 2/10/99), 729 So.2d 75, 78 (citing State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427). Mere presence at the scene is therefore not enough to “concern” an individual in the crime. Id. (citing Pierre at 428). Moreover, an individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. Id. (citing Pierre).
In this case, the Defendant admitted that she possessed a Dillard’s bag, which was in the backseat of her car when the police stopped her. She admitted that she was in Dillard’s earlier in the evening and that after leaving Dillard’s, she dropped her brother off at Dillard’s to shop for cologne. Detective Nichols testified that he spotted the Defendant’s brother standing near the cologne counter at Dillard’s while Simeon concealed the stolen goods in a Dillard’s bag. Further, Nichols testified that the two men met at the cologne counter and engaged in a brief conversation. Finally, if his testimony was controverted, Nichols did state that he removed one Dillard’s bag from the | sDefendant’s car after they were stopped, which contained two stolen articles of clothing.
When viewing the testimony and evidence presented at trial, a reasonable juror could have surmised that the Defen *925 dant bought a t-shirt at Dillard’s, took the bag she received with that purchase to her car, then gave the bag to her brother who later gave the Dillard’s bag to Simeon for the purpose of shoplifting the jeans. As a principal to the crime, the Defendant is culpable for aiding and abetting Simeon by providing him with the shopping bag used for committing the theft and by transporting him away from the scene of the crime. Further, even though Simeon took responsibility for the crime, the Defendant is not exonerated if her actions aided Simeon to commit the theft.
Finally, the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be re-weighed on appeal. State v. Reman, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of credibility of the witnesses, this is a matter of the weight of the evidence and not the sufficiency. State v. White, 472 So.2d 130, 132 (La.App. 5 Cir. 1985).
Here, the defense presented two witnesses at trial and their testimony conflicted. Simeon testified that he stole two t-shirts and two pairs of jeans that evening. However, the Defendant testified that she bought one of the t-shirts in question that evening. Her testimony that she bought one of the two shirts found in the shopping bag was corroborated by the receipt for the shirt, which was also in the bag. But the discrepancy in their accounts of the events must surely have undermined their credibility with the jury. Furthermore, a jury is free to disregard, in whole or in part, the testimony of any witness. State v. Rowan, supra.
Based on the foregoing, when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the State presented sufficient evidence against the Defendant to prove that she was a principal to this theft and, therefore, guilty beyond a reasonable doubt.
| gFinally, the Defendant claims that she was “at best only an accessory after the fact to a crime committed by her brother and Simeon,” which, since it is not a responsive verdict to the crime charged, cannot legally support the verdict reached. However, the evidence presented at trial was sufficient to prove that the Defendant was guilty of theft beyond a reasonable doubt: her argument that she was “at best” an accessory after the fact to theft lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant has also assigned as error any possible errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The following error is noted.
The transcript and minute entry for Defendant’s September 21, 2000, sentencing proceeding are inconsistent because the minute entry reflects that the trial judge informed the Defendant of the appropriate delays to apply for post-conviction relief but the transcript does not so reflect. When there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, the trial court shall inform Defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to her within ten days of the rendition of this opinion, then the court shall file written proof that Defendant received the notice in *926 the record of these proceedings. State v. Taylor, 99-385 (La.App. 5 Cir. 8/31/99), 743 So.2d 749, 755; State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289, 1291.
Therefore, for the above reasons, Defendant’s conviction and sentence are affirmed, and the matter is remanded in order for the trial judge to inform Defendant of the delays in which to file applications for post-conviction relief, then to place proof of such notice in the record.
AFFIRMED; REMANDED FOR NOTICE UNDER LSA C.Cr.P. art. 930.8

. Co-defendant Penny Price, Defendant’s brother, was tried with Defendant and found guilty as charged. A transcript of the trial is made part of Price's record on appeal. See State v. Price, 00-KA-1883(La.App. 5 Cir. 7/30/2001), 792 So.2d 180.

. We note that the record does not contain a written motion.

.According to the transcript, the trial judge imposed the general conditions of probation and ordered the Defendant to pay $100.00 to the commissioner’s fund, a $300.00 fine, and court costs.

. Nichols stated that when he went outside, it was dark and rainy but, when he called to the men, he was standing under a streetlight beneath the Dillard's marquee.

. There was also a bag containing a pair of tennis shoes with a receipt for this purchase.