CHEHARDY, C.J.
Defendant, Nicolva Harmon, appeals her conviction and sentence for issuing a worthless check, in violation of La. R.S. 14:71. Upon supervisory review, we reverse defendant's conviction, vacate defendant's sentence, and remand.
Factual and Procedural History
According to the testimony elicited at trial, Harmon purchased an automobile from Ray Brandt Nissan in Harvey, Louisiana on January 27, 2017. However, on or about March 3, 2017, Harmon asked the employees of Ray Brandt Nissan to help her change her vehicle registration from Mississippi to Louisiana. Because the taxes and fees are higher to title a vehicle in Louisiana, Harmon agreed to pay the extra cost and signed check no. 1068 to Ray Brandt Nissan for $ 1,317.22 on March 3, 2017.
At trial, Craig Pesses, the Finance Director for Ray Brandt Nissan, testified that his company's records reflect that check no. 1068 was received on March 22, 2017. Pesses testified that the delay of over two weeks was purposeful, likely because the customer had asked the dealership to "hold" her March 3, 2017 check until a later date. After the check was presented to Harmon's bank, it was returned unpaid to Ray Brandt Nissan on March 28, 2017 for lack of sufficient funds in Harmon's checking account.
Thereafter, the dealership attempted to collect the debt by sending multiple demand letters via certified mail to no avail. On May 31, 2017, the dealership turned the matter over to the Jefferson Parish District Attorney's Office, which notified Harmon, through at least two certified mailings, of the worthless check and demanded payment of the debt on behalf of Ray Brandt Nissan. Harmon did not contact the Jefferson Parish District Attorney to pay the debt.
On August 24, 2017, the Jefferson Parish District Attorney filed a bill of information charging Nicolva Harmon, defendant-herein, with issuing a worthless check on March 3, 2017 to Ray Brandt Nissan in the amount of $ 1,317.22, in violation of La. R.S. 14:71. On November 2, 2018, the District *707 Attorney's office amended the bill of information to charge defendant with issuing a worthless check in an amount less than $ 1,000.00.
On December 17, 2018, a bench trial commenced. After considering the testimonial and documentary evidence, the trial court rendered a verdict of guilty as charged. On January 14, 2019, the trial court sentenced defendant to imprisonment in parish prison for six months, suspended that sentence, and placed defendant on "in house probation" for twelve months but delayed execution of sentence until April 11, 2019. The trial judge ordered restitution of $ 999.00 and forty hours of community service. Defendant filed this application for supervisory review.
Law and Analysis
In her writ application, defendant raises five assignments of error,[1] which we pretermit as our review reveals a defect in the prosecution that requires reversal. In one of her assignments of error, defendant argues that the trial court erred in holding a bench trial when a jury trial is required by law. Defendant is correct.
In this matter, defendant was originally charged with issuing a worthless check in the amount of $ 1,317.22, which, based on the penalty, would be a felony offense. However, on November 2, 2018, the State amended the bill of information to reduce the charge to issuing a worthless check in an amount less than $ 1,000.00, presumably to reduce the matter to a misdemeanor offense.
However, the law in effect at the time of the commission of the offense determines the penalty. State v. Sugasti , 01-3407(La. 6/21/02), 820 So.2d 518, 521-522 (footnotes omitted); State v. Harris , 02-873 (La. App. 5 Cir. 1/28/03), 839 So.2d 291, 292-94, writ denied , 03-0846 (La. 10/31/03), 857 So.2d 474. On the date of the commission of this offense, March 3, 2017, La. R.S. 14:71[2] read, in pertinent part:
A. (1)(a) Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such *708 check, draft, or order in full upon its presentation.
* * *
(c) This provision shall apply to a check, draft, or order for the payment of money given for a motor vehicle when such payment is conditioned upon delivery of documents necessary for transfer of a valid title to the purchaser.
* * *
(f) For purposes of this Section, any check, draft, or order tendered for payment of any tax, fee, fine, penalty, or other obligation to the state or any of its political subdivisions shall be considered issuing a check, draft, or order in exchange for anything of value.
C. Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is one thousand five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
D. When the amount of the check or checks is five hundred dollars or more, but less than one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years or may be fined not more than two thousand dollars, or both.
E. When the amount of the check or checks is less than five hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years or be fined not more than one thousand dollars, or both. (Emphasis added).
The right to trial by jury in felony and certain misdemeanor cases is protected by both the federal and state constitutions. See U.S. Const. amend. VI ; La. Const. art. I, §§ 16, 17. Article 1, § 17 of the Louisiana Constitution provides, in pertinent part, that:
A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict.... Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.
Hence, at the time of the offense, the law in effect provided that the charge of issuing worthless checks of an amount up to $ 1,000.00 was punishable "with or without hard labor, for not more than five years or [a fine of] not more than two thousand dollars, or both." Here, the State attempted to reduce the charge to a misdemeanor by reducing the amount of the check to "less than $ 1,000.00," but the amended bill of information still charged defendant with a felony offense under the law in effect on the date of the commission of the offense.
Here, because the State presumed that the charge was a misdemeanor, the matter proceeded to a bench trial. Thus, the defendant was not advised of her right to a jury trial and, could not have knowingly and intelligently waived that right.[3]
*709 Consequently, we find that defendant has been denied her fundamental right to a trial by jury or, at least, her right to waive that jury. Accordingly, we reverse defendant's conviction, vacate the sentence, and remand the matter for further proceedings.
CONVICTION REVERSED; SENTENCE VACATED; REMANDED .

Defendant's assignments of error are: first, the trial court erred in denying defendant-applicant's motion to quash the bill of information upon finding that the amount of a check is not a necessary element to establish a violation of La. R.S. 14:71 ; second, the trial court erred in denying defendant-applicant's motion to quash the bill of information when the bill of particulars, together with the bill of information showed that defendant-applicant did not commit the offense charged; third, the trial court erred in holding a bench trial when a jury trial is required by law; fourth, the trial court erred in finding defendant-applicant guilty of issuing a worthless check in an amount less than $ 1,000.00 when the evidence reflected the check totaled $ 1,317.22; and, finally, there was not sufficient evidence to find that defendant-applicant issued a worthless check in violation of La. Rev. Stat. 14:71.

The statute was amended, effective August 1, 2017, and currently states in pertinent part:
C. (3) When the amount of the check or checks is more than one thousand dollars, but less than five thousand dollars , the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than three thousand dollars, or both.
(4) When the amount of the check or checks is less than one thousand dollars , the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both . (Emphasis added).

Pursuant to La. C.Cr.P. art. 780, a jury trial waiver "shall be by written motion filed in the district court" no later than 45 days prior to the trial date, although the 45-day time requirement may be waived by the State. Waiver of the right to a jury trial is never presumed. State v. McCarroll , 337 So.2d 475, 480 (La. 1976) ; State v. Herrera , 98-677 (La. App. 5 Cir. 2/10/99), 729 So.2d 75, 80.